ACCEPTED
01-14-00837-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
9/30/2015 3:16:50 PM
CHRISTOPHER PRINE
CLERK

## No. 01-14-00837-CR

In the
Court of Appeals
For the
First District of Texas
At Houston

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

9/30/2015 3:16:50 PM

CHRISTOPHER A. PRINE
Clerk

————————◆————————

## No. 1944593
In County Criminal Court at Law 13
Of Harris County, Texas

————————◆————————

## Brent Alan Dalton
*Appellant*
v.
## The State of Texas
*Appellee*

————————◆————————

State's Appellate Brief

————————◆————————

**Devon Anderson**
District Attorney
Harris County, Texas

**Gilbert G. Sawtelle, IV**
**Rehana L. Vohra**
Assistant District Attorneys
Harris County, Texas

**Clinton A. Morgan**
Assistant District Attorney
Harris County, Texas
State Bar No. 24071454
morgan_clinton@dao.hctx.net

1201 Franklin St., Suite 600
Houston, Texas 77002
Telephone: 713.755.5826

Oral Argument Not Requested

**Statement Regarding Oral Argument**

The appellant requests oral argument because he believes "this case presents an important question about whether there is legally sufficient evidence for any rational trier of fact to find the essential elements of DWI beyond a reasonable doubt where there is an insufficient temporal link to prove Appellant was intoxicated while operating a motor vehicle." But the answer to that question is obvious — if the evidence is insufficient, the evidence is insufficient.

The question presented in this case is *whether* the evidence of a "temporal link" is insufficient. Because there are no disputed questions of admissibility or legal interpretation, this is a fact-specific inquiry that will be entirely controlled by the record. Oral argument is unlikely to assist this Court's review of the record. Accordingly, the State does not request oral argument.

## Identification of the Parties

Counsel for the State:

> Devon Anderson
> — District Attorney of Harris County

> Gilbert G. Sawtelle, IV & Rehana L. Vohra
> — Assistant District Attorneys at trial

> Clinton A. Morgan
> — Assistant District Attorney on appeal

Appellant:

> Brent Alan Dalton

Counsel for the Appellant:

> Brock A. White
> — Counsel at trial

> Carmen Roe
> — Counsel on appeal

Trial Judge:

> Don Smyth
> — Presiding judge

# Table of Contents

Statement Regarding Oral Argument ...................................................i

Identification of the Parties ............................................................ ii

Table of Contents .......................................................................... iii

Index of Authorities ......................................................................iv

Statement of the Case ....................................................................1

Statement of Facts .........................................................................1

Reply to the Appellant's Sole Point of Error ...................................3

   There is sufficient evidence to show that the appellant was intoxicated
   at the time he was driving. ...................................................................... 3

   The appellant raises several ancillary matters that should have no
   effect on this Court's decision in this case. ........................................... 6

Conclusion .....................................................................................9

Certificate of Compliance and Service ........................................... 10

# Index of Authorities

**Cases**

*Clayton v. State*
235 S.W.3d 772 (Tex. Crim. App. 2007) ............................................................4

*Kirsch v. State*
276 S.W.3d 579 (Tex. App.—
Houston [1st Dist.] 2008), aff'd, 306 S.W.3d 738 (Tex. Crim. App.
2010) ............................................................................................................ 5, 8

*Merritt v. State*
368 S.W.3d 516 (Tex. Crim. App. 2012) ............................................................4

*Murray v. State*
457 S.W.3d 446 (Tex. Crim. App. 2015) ............................................................7

*Navarette v. California*
134 S. Ct. 1683 (2014) ....................................................................................7

*Wyatt v. State*
23 S.W.3d 18 (Tex. Crim. App. 2000)..............................................................4

## Statement of the Case

The appellant was charged with driving while intoxicated. (CR 7). The information alleged a prior felony conviction. (CR 7). The appellant pleaded not guilty, but a jury found him guilty as charged. (CR 112). Without making a finding on the enhancement paragraph, the trial court assessed punishment at 60 days' confinement in the county jail. (CR 112). The appellant filed a timely notice of appeal and the trial court certified his right of appeal. (CR 115, 117).

## Statement of Facts

Deputy Constable Patrick Magee was dispatched in response to a 911 call that a Chevrolet Silverado was driving into oncoming lanes of traffic and had run another driver off the road. (3 RR 16). Magee saw a vehicle matching the description from dispatch and followed it into an HEB parking lot. (3 RR 17). Upon confirming that the license plates matched the ones given out by dispatch, Magee activated his emergency lights to stop the vehicle. (3 RR 22).

Instead of stopping, the Silverado slowly drove away. (3 RR 22-23). Magee used his loudspeaker to tell the driver to stop; the Silverado stopped momentarily, but then slowly drove away again. (3 RR 23).

1

Magee followed the Silverado until it stopped a second time. (3 RR 24). He used his loudspeaker to tell the driver to stay in the vehicle and roll his window down. (3 RR 24).

The driver — the appellant — put the vehicle into park, and then immediately got out of the vehicle and charged toward Magee. (3 RR 26). The appellant approached Magee in a staggering but aggressive manner. (3 RR 73). Another Deputy Constable, Lasonya King, had arrived on the scene and grabbed the appellant as he approached Magee. (3 RR 73-74).

As soon as King grabbed the appellant, she noticed that he had bloodshot eyes and slurred speech. (3 RR 73-74). King had to hold him up because he seemed too unsteady to stand on his own. (3 RR 74). Though he had problems speaking, the appellant explained that he was being treated by a doctor and was on hydrocodone. (3 RR 76). The appellant was taken to the Houston Police Department's central station for a DWI investigation. (3 RR 79).

At the station, the appellant told officers that he was, in fact, on several prescription drugs. (3 RR 27-29). The appellant said that he took the drugs fifteen minutes prior to driving. (4 RR 75). Houston Police Officer David Ciers conducted a drug recognition examination and

2

concluded that the appellant had lost the normal use of his mental and physical faculties due to the ingestion of a central nervous depressant. (4 RR 79).

The appellant initially consented to give a blood sample, but after spending a while at the hospital he revoked his consent. (4 RR90, 92). Police then obtained a search warrant for the appellant's blood. (State's Ex. 6). When an officer told the appellant that they had a warrant for his blood, the appellant "fell on the floor and said he's having a seizure." (4 RR 183). The appellant was taken to the hospital to be evaluated, but the doctor concluded that he was just dehydrated. (5 RR 7). While at the hospital, a sample of the appellant's blood was taken; an analysis of the blood showed the presence of four prescription drugs that worked as central nervous depressants, as well as marihuana. (5 RR 43-47).

**Reply to the Appellant's Sole Point of Error**

**There is sufficient evidence to show that the appellant was intoxicated at the time he was driving.**

The appellant's only claim of error is that the evidence is insufficient to prove that he was intoxicated *while* operating a motor vehicle. (Appellant's Brief at 16-20). However, the appellant's argument

consists mostly of reurging factual claims that were rejected by the jury. Viewed in the appropriate light, the evidence is sufficient to support the verdict.

When reviewing the sufficiency of the evidence, this Court considers all of the evidence in the light most favorable to the verdict to determine whether, based on that evidence and the reasonable inferences therefrom, a jury was rationally justified in finding guilt beyond a reasonable doubt. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). Because the Texas legal system assigns to the factfinder at trial the duty of resolving conflicting testimony, an appellate court conducting sufficiency review must defer to the jury's credibility determinations. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). The jury may choose to believe some testimony and disbelieve other testimony. *Wyatt v. State*, 23 S.W.3d 18, 30 (Tex. Crim. App. 2000). When the record supports conflicting inferences, this Court presumes that the jury resolved the conflicts in favor of the verdict, and will defer to that determination. *Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014).

In this case, deputies Magee and King testified to the appellant's condition at the time he stopped driving and got out of his pickup truck:

- The appellant kept slow rolling after Magee activated his emergency lights, and then refused to follow commands when he exited his truck. (3 RR 22-27). The appellant continued to be uncooperative after police detained him. (3 RR 123); *see Kirsch v. State*, 276 S.W.3d 579, 585 (Tex. App.—Houston [1st Dist.] 2008), aff'd, 306 S.W.3d 738 (Tex. Crim. App. 2010) (refusal to follow commands can be sign of intoxication).

- The appellant was unbalanced and staggered as he charged toward Magee. (3 RR 27, 73).

- The appellant's speech was slurred. (3 RR 84).

- The appellant had difficulty standing on his own. (3 RR 74).

- The appellant could not remember his wife's name. (3 RR 123-24).

These clues of intoxication are similar to those observed hours later when the appellant was at the police station. (*See, e.g.*, 4 RR 64-66 (appellant failed balance-related sobriety tests), 156 (another officer testifying to about appellant's slurred speech hours after his arrest). The observed clues, both at the scene and at the station, matched up with testimony from Officer Ciers regarding the effects of central nervous system depressants. (*See* 4 RR 79 (describing effects of central nervous system depressants, such as slurred speech, sluggishness, and being uncoordinated)).

The appellant told officers that he took the drugs prior to driving. (3 RR 75).[1] He exhibited fairly consistent symptoms of intoxication from the time officers first encountered him all the way through the DWI investigation. Viewing the evidence in the light most favorable to the verdict, it is sufficient to show that the appellant was intoxicated while operating a motor vehicle.

**The appellant raises several ancillary matters that should have no effect on this Court's decision in this case.**

Much of the appellant's argument consists of assertions that are unrelated to sufficiency review in this case. The appellant points out that Magee observed the appellant driving for only a few seconds. (Appellant's Brief at 17). The appellant does not explicitly note the legal significance of this observation. Even if Magee observed the appellant driving for only 10 or 15 seconds, the appellant was driving at the time Magee observed him, meaning, necessarily, that the appellant had been driving for longer. Moreover, the DWI statute does not require any particular period of observed driving; it does not actually require officers to observe the defendant driving at all. *See, e.g., Murray v. State*,

---

[1] The appellant said that he took the drugs 15 minutes before driving, but the State doubts that this was an accurate estimate. (*See* 4 RR 75). The appellant told Ciers that he took the drugs at 5:00 pm, but the appellant was arrested at 4:30 pm. (4 RR 127).

457 S.W.3d 446, 449 (Tex. Crim. App. 2015) (evidence sufficient where defendant found unconscious in parked vehicle with engine running).

In another part of his brief, the appellant seems to assert that police violated the law when they stopped him based solely on the report from the 911 caller. (Appellant's Brief at 17). The appellant did not complain at the trial court about the legality of his detention, thus this part the appellant's brief presents nothing for this Court's review. Moreover, the appellant's legal assertion is incorrect. *See Navarette v. California*, 134 S. Ct. 1683, 1688-89 (2014) (where anonymous 911 caller described make, model, and license plate of vehicle and stated that the vehicle had run her off the road, the call was sufficiently reliable to be the basis for a traffic stop).

Finally, the appellant spends part of his brief pointing out that his symptoms were consistent with certain medical conditions. (Appellant's Brief at 18-19). That might be true, but the only evidence of the appellant having any medical conditions that was admitted to the jury were second-hand statements by police officers about what the appellant had told them. The jury was free to disbelieve these unsworn, self-serving statements. Moreover, the State is not required to affirmatively disprove alternative hypotheses in order to prevail on

7

sufficiency review. *See Kirsch*, 276 S.W.3d at 585 (evidence that defendant's symptoms of intoxication could have been caused by a head injury was irrelevant on sufficiency review). The appellant's supposed medical conditions should not factor into a sufficiency analysis.

## Conclusion

The State respectfully submits that all things are regular and the judgment of the trial court should be affirmed.

DEVON ANDERSON
District Attorney
Harris County, Texas


/s/ C.A. Morgan
CLINTON A. MORGAN
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002
713.755.5826
Texas Bar No. 24071454

## Certificate of Compliance and Service

I certify that, according to Microsoft Word's word counting function, the portion of this brief for which Rule of Appellate Procedure 9.4(i)(1) requires a word count contains 1,468 words.

I also certify that I have requested that efile.txcourts.gov electronically serve a copy of this brief to:

Carmen Roe
carmen@carmenroe.com

/s/ C.A. Morgan
**CLINTON A. MORGAN**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002-1923
(713) 755-5826
Texas Bar No. 24071454

Date: September 30, 2015