

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-17-00381-CR

HECTOR JIMENEZ                                                    APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

### FROM COUNTY CRIMINAL COURT NO. 1 OF DENTON COUNTY
### TRIAL COURT NO. CR-2016-05099-A

----------

## MEMORANDUM OPINION[1]

----------

In two issues, Hector Jimenez contends that the evidence is insufficient to support his misdemeanor conviction for driving while intoxicated (DWI) and that the trial court erred by denying his motion for new trial without first holding an evidentiary hearing. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## Sufficiency of the Evidence

Federal due process requires that the State prove, beyond a reasonable doubt, every element of the crime charged. *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S. Ct. 2781, 2787 (1979); *see* U.S. Const. amend. XIV. In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016). The trier of fact is the sole judge of the weight and credibility of the evidence and may draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Jenkins*, 493 S.W.3d at 599; *Blea v. State*, 483 S.W.3d 29, 33 (Tex. Crim. App. 2016); *see* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979). We determine whether inferences are reasonable based upon the cumulative force of the evidence when viewed in the light most favorable to the verdict. *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App.), *cert. denied*, 136 S. Ct. 198 (2015).

A person commits a DWI if that person is intoxicated while operating a motor vehicle in a public place. Tex. Penal Code Ann. § 49.04(a) (West Supp. 2017). The penal code defines intoxication, in part, as "not having the normal use of mental or physical faculties by reason of the introduction of alcohol." *Id.* § 49.01(2)(A). Relevant evidence of intoxication as it is defined in the penal code

includes any sign of impairment in the ability to speak, refusal to take a blood-alcohol test, unsteady balance, gait problems, the odor of alcohol, glassy eyes, bloodshot eyes, the presence of intoxication clues during standardized field sobriety tests, and a person's admissions about drinking alcohol. *See, e.g.*, *Burnett v. State*, 541 S.W.3d 77, 84 (Tex. Crim. App. 2017); *Kirsch v. State*, 306 S.W.3d 738, 745 (Tex. Crim. App. 2010); *Griffith v. State*, 55 S.W.3d 598, 601 (Tex. Crim. App. 2001).

Alexis Melson, an employee of a RaceTrac gas station on Round Grove Road in Lewisville, testified that while she was working the night shift on April 23, 2016, appellant walked in around midnight and asked her "about food." She had been cleaning the roller grill and told him the store would not have fresh food available until 6:00 a.m. Appellant was friendly and was walking and talking normally, but he smelled of alcohol. Appellant walked away from Melson, but then he came back, leaned on the counter, told her she had beautiful eyes, and asked for her phone number. She stopped talking to him and told her manager.

Appellant then went outside and approached several women in the store's parking lot. He followed one woman inside the store and back to her car, where he started banging on her window. Melson told her manager to call the police. Appellant then left the store in what Melson described as a white vehicle. A short time later, a Lewisville police officer came to the RaceTrac, and Melson wrote a statement for him; she did not mention in her written statement that appellant smelled like alcohol.

3

Lewisville police officer Antonio Barletta testified that he responded to a 911 call[2] about a man harassing women at the Round Grove RaceTrac. When he pulled into the RaceTrac's parking lot, an employee pointed in the direction that the man had driven on Rockbrook. Barletta traveled in the same direction, looking for a Gold Geo Prizm[3] with a specific license plate number; he saw that car pull onto 121 Business and followed it for about two minutes. The driver was not swerving or speeding.

After the driver failed to signal twice, Barletta activated his overhead lights to initiate a stop, and the driver pulled into the parking lot of a QT. When Barletta contacted the driver, appellant, he smelled a strong odor of alcohol from appellant's breath. Appellant's eyes were red and watery and his speech was "real slurred." Appellant was driving the opposite direction from his stated destination, and he had a styrofoam cup of liquid in the center console that smelled like alcohol mixed with soda. Barletta thought appellant might be intoxicated.

Barletta asked appellant whether he had drunk anything, and appellant responded that he had drunk two beers. Appellant initially refused Barletta's request to perform field sobriety tests, telling Barletta that he had a leg injury and

[2]The State attempted to admit the 911 call into evidence, but the trial court sustained appellant's objection to its admission.

[3]We note that in the officer's dash cam video admitted into evidence, the vehicle appears to be white or light-colored under bright lights.

either a hip or ankle injury. When Barletta stated that he wanted to perform a horizontal gaze nystagmus (HGN) test, which would not be affected by those injuries, appellant told Barletta he had recently crushed his head in a vise or some kind of machinery. Barletta observed appellant for equal tracking and equal pupil size, a technique designed to rule out traumatic brain injury; he did not see any problems that would indicate appellant was a poor candidate for the HGN test.

Barletta went ahead with the HGN test, and appellant showed six out of six clues for intoxication. He also swayed slightly during the test. Appellant had trouble following Barletta's instructions for the test. Appellant refused to perform the walk-and-turn and one-leg-stand tests. Barletta arrested appellant for suspicion of DWI.

After Barletta arrested appellant and placed him in a patrol car, appellant refused to give a breath or blood sample. Appellant began to yell extreme profanity, made threats against Barletta and his family, became violent, banged his head on the window of the patrol car, and kicked it. He continued to make threats at the jail. The State played two videos from Barletta's in-car camera that show this behavior. Additionally, these videos allowed the jury to observe the stop and appellant's physical demeanor as Barletta talked to him and administered the HGN test. Barletta testified that he believed appellant had lost the normal use of his mental or physical faculties.

James Robey, also a Lewisville police officer, testified that on April 23, 2016, he was dispatched to the RaceTrac station where Melson worked. According to Robey, the 911 caller had stated that a person at the gas station was potentially intoxicated. Robey spoke to Melson and obtained a written statement from her. Robey also watched Barletta perform the HGN test and saw appellant "swaying back and forth a lot"; he noticed that appellant had a hard time following Barletta's instructions.

Because the foregoing evidence shows that appellant was driving a motor vehicle in a public place and that he exhibited relevant indicia of intoxication—slurred speech, unsteady balance, the odor of alcohol, glassy and bloodshot eyes, the presence of six out of six clues on the HGN test, blood-or-breath test refusal, and admission that he had drunk alcohol—we hold that the evidence is sufficient to support appellant's conviction for DWI.[4] *See, e.g.*, Tex. Penal Code Ann. §§ 49.01(2)(A), .04(a); *Kirsch*, 306 S.W.3d at 745; *Jackson v. State*, 468

---

[4]The State originally filed a brief in which it conceded that the evidence was insufficient to support appellant's conviction as a Class A misdemeanor because the State presented evidence of his prior DWI conviction during punishment instead of guilt-innocence. *See* Tex. Penal Code Ann. § 49.09(a) (West Supp. 2017) (enhancing punishment for second DWI conviction to Class A misdemeanor). But the State filed an amended brief abandoning its concession after the court of criminal appeals issued its opinion in *Oliva v. State*, in which it held that the existence of a prior conviction is not an element of the offense of a second DWI that must be litigated at guilt-innocence but is instead a punishment issue. No. PD-0398-17, 2018 WL 2329299, at *1, *8, *12 (Tex. Crim. App. May 23, 2018). Appellant has not challenged the sufficiency of the evidence of his prior conviction that the trial court admitted at punishment.

S.W.3d 189, 192–94 (Tex. App.—Houston [14th Dist.] 2015, no pet.). We overrule his first issue.

**Denial of Motion for New Trial Without Evidentiary Hearing**

In his second issue, appellant claims that he was entitled to an evidentiary hearing on his motion for new trial.

The purpose of a motion for new trial hearing is to enable the trial court to decide whether the case should be retried and to enable the defendant to develop a record for presenting issues on appeal if the trial court denies the motion. *Smith v. State*, 286 S.W.3d 333, 338 (Tex. Crim. App. 2009). A hearing on a motion for new trial is mandatory only when the motion and accompanying affidavits raise matters that are not determinable from the record and the defendant establishes the existence of reasonable grounds showing that he could be entitled to relief. *Id.* at 338–39. When the grounds in the motion are based on matters not already in the record, the motion must be supported by an affidavit specifically setting out a sufficient factual basis for the claims made. *Id.* at 339.

On appeal, appellant contends that the State's fingerprint expert who testified at punishment was not aware of an underlying fingerprint analysis theory. Appellant's trial counsel had questioned this expert on voir dire and objected to his testimony under *Kelly v. State*, 824 S.W.2d 568, 573 (Tex. Crim. App. 1992). The trial judge overruled the objection. Appellant's motion for new trial stated only generally that the verdict was "contrary to the law and the

7

evidence" and that the trial court should grant a new trial in the interest of justice. Appellant did not reurge his *Kelly* complaint, did not identify a matter not determinable from the record, and did not attach an affidavit to his motion. Thus, we hold that the trial court did not abuse its discretion by denying the motion for new trial without first holding an evidentiary hearing because (1) the motion did not raise a matter that the trial judge could not determine from the record and (2) even if it did, appellant did not support the motion with a sufficiently factually specific affidavit raising a matter not determinable from the record that could reasonably entitle him to relief. *See Gonzales v. State*, 304 S.W.3d 838, 842–44 (Tex. Crim. App. 2010); *King v. State*, 29 S.W.3d 556, 569 (Tex. Crim. App. 2000). We overrule appellant's second issue.

Having overruled both of appellant's issues, we affirm the judgment.

/s/ Wade Birdwell
WADE BIRDWELL
JUSTICE

PANEL: SUDDERTH, C.J.; WALKER and BIRDWELL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 26, 2018