

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00161-CR

ANGELA LYNN JARAL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 27782

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

After a Lamar County jury found that Angela Lynn Jaral passed counterfeit $100.00 bills at a Dollar General and a Braum's Ice Cream & Dairy Store, they convicted her of two counts of third-degree forgery. *See* TEX. PENAL CODE ANN. § 32.21(e) (West Supp. 2018). In accordance with the jury's punishment assessment, the trial court sentenced Jaral to three years' confinement on each count. On appeal, Jaral raises no complaint about her conviction for forgery at the Dollar General and questions only the legal sufficiency of the evidence supporting the jury's finding that Jaral was the person who passed the counterfeit bill at Braum's. Because the evidence is legally sufficient to establish identity, we overrule her sole point of error and affirm the trial court's judgment.[1]

In evaluating legal sufficiency of the evidence, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality op.) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). We assess the legal sufficiency of the evidence under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9,

---

[1]Jaral also raises a factual-sufficiency complaint. In *Brooks*, "the Texas Court of Criminal Appeals found 'no meaningful distinction between the *Jackson v. Virginia*[, 443 U.S. 307 (1979),] legal-sufficiency standard and the *Clewis* [*v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996),] factual-sufficiency standard, and these two standards have become indistinguishable.'" *Taylor v. State*, 558 S.W.3d 215, 218 n.4 (Tex. App.—Texarkana 2018, no pet.) (quoting *Brooks v. State*, 323 S.W.3d 893, 902 (Tex. Crim. App. 2010) (plurality op.)). "Accordingly, we no longer perform factual sufficiency reviews." *Id.*

13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The "hypothetically correct" jury charge is "one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*.

Here, the State alleged that Jaral,

on or about January 13, 2018, . . . did then and there, with intent to defraud or harm another, pass on to Seth Mayfield a forged writing, knowing such writing to be forged, and such writing had been so made that it purported to be the act of the United States Government who did not authorize the act, and the writing was or purported to be part of an issue of money.

The indictment then included a photograph of both sides of the $100.00 bill.

Jaral challenges only the element of the identity of the perpetrator. In support, she points to her own testimony and the testimony of her cousin, Christal Cashion, which attempted to show that Jaral was at her home at the time of the incident, which was twenty to twenty-five miles from the site of the offense. She argues, "The only direct evidence that Jaral was involved . . . was a grainy surveillance video from the Braum's store, but the quality was poor and identification of Jaral as the woman in the video is objectively impossible." We disagree.

Video surveillance at both the Dollar General and the Braum's locations recorded the woman who passed the counterfeit bill. Our review of both videos leads us to conclude that they

3

were fairly clear. While a bit grainy, the Braum's surveillance footage showed the woman's facial features, albeit in limited detail, and established that the Caucasian woman had a hefty build, had her brown hair tied in a bun, and was wearing a black hoodie with the number "76" in a white font printed on the front of the hoodie and both shoulders and the words "New York" printed across the chest. The woman also wore a white undershirt, black pants with white lettering running down the front of the left pant leg, and grey sneakers with black shoelaces and white soles. Critically, the woman in the Dollar General video was wearing identical clothing as the woman in the Braum's video and also had her brown hair tied in a bun. The physical appearance and gait of the woman in both videos is remarkably similar, if not identical. When local police posted a photo of the woman on the Crime Stoppers website, they received tips identifying Jaral as the perpetrator. The cashier at the Dollar General recognized Jaral from a photo lineup as the woman who passed her the counterfeit bill. Also, the counterfeit bill used at the Dollar General contained the same serial number as the one used at Braum's, which local police testified was "impossible."

The testimony by Jaral and Cashion merely created a fact issue for the jury to resolve on the element of identity. "When the record supports conflicting inferences, we presume that the fact-finder resolved the conflicts in favor of the verdict, and we defer to that determination." *Murray v. State*, 457 S.W.3d 446, 448–49 (Tex. Crim. App. 2015) (citing *Hooper*, 214 S.W.3d at 12). The jury was in the best position to observe Jaral and Cashion during their testimony in order to assess their credibility. The jury was also able to compare Jaral's physical appearance and gait in both videos to determine if she was the woman in the Braum's video. From this evidence, we conclude that a rational jury could find beyond a reasonable doubt that Jaral was the woman who

4

passed the counterfeit $100.00 bill at Braum's. Accordingly, the evidence is legally sufficient to support the jury's verdict. We overrule Jaral's point of error.

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     April 8, 2019
Date Decided:       April 15, 2019

Do Not Publish