

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00070-CR

———————————————

GREGORY WAYNE ALEXANDER, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 89th District Court
Wichita County, Texas
Trial Court No. 58,554-C

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

### I. INTRODUCTION

In a single issue, Appellant Gregory Wayne Alexander challenges the jury's verdict convicting him of aggravated assault with a deadly weapon. According to Alexander, the State failed to prove that the deadly weapon he used to commit the assault was a "wooden log" as alleged in the indictment, resulting in a material variance between the indictment and the proof at trial. Because we hold that the evidence at trial was sufficient to prove that Alexander hit the complainant with a "wooden log" and, thus, that there was no variance between the indictment and proof, we affirm the trial court's judgment.

### II. BACKGROUND

Because the details about the events preceding the assault are not necessary to our disposition, we provide only a brief summary of what happened. Alexander and his son, the complainant, got into an argument at their friend Ashley Riddles's house one evening. The complainant left the house but Alexander stayed there. Early the next morning, the complainant returned and sat down in Riddles's bedroom to talk to her. According to Riddles and the complainant, Alexander swiftly entered the room and immediately began hitting the complainant in the head with a wooden object. According to Riddles, the first blow rendered the complainant unconscious, but Alexander continued to hit him multiple times. The complainant suffered significant injuries: a concussion, two large lacerations on his head, "acute intracranial

2

hemorrhage," and a hairline skull fracture. The police searched Riddles's house afterward but never found the object Alexander used to hit the complainant.

A grand jury indicted Alexander for aggravated assault with a deadly weapon, alleging specifically that Alexander "intentionally, knowingly, or recklessly cause[d] bodily injury to [the complainant] by striking [the complainant] on or about the head, and . . . use[d] or exhibit[ed] a deadly weapon, to-wit: [a] wooden log, during the commission of [the] assault." *See* Tex. Penal Code Ann. § 22.02(a)(2). Alexander contended at his trial that he acted in self-defense, but the jury rejected that defense and convicted him of aggravated assault with a deadly weapon. The jury found a punishment-enhancement allegation to be true and assessed Alexander's punishment at twenty-five years' confinement; the trial judge sentenced Alexander accordingly. *See id.* § 12.42(b). The trial court also included an affirmative deadly weapon finding in the judgment. *See* Tex. Code Crim. Proc. Ann. art. 42A.054(c). Alexander appeals the judgment on a narrow sufficiency ground.

## III. DISCUSSION

### A. Standard of Review

Federal due process requires that the State prove beyond a reasonable doubt every element of the crime charged. *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S. Ct. 2781, 2787 (1979); *see* U.S. Const. amend. XIV. In our due-process evidentiary-sufficiency review, we view all the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the crime's essential

3

elements beyond a reasonable doubt. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017).

This standard gives full play to the factfinder's responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Queeman*, 520 S.W.3d at 622. The factfinder alone judges the evidence's weight and credibility. *See* Tex. Code Crim. Proc. Ann. art. 38.04; *Queeman*, 520 S.W.3d at 622. Thus, when performing an evidentiary-sufficiency review, we may not re-evaluate the evidence's weight and credibility and substitute our judgment for the factfinder's. *Queeman*, 520 S.W.3d at 622. Instead, we determine whether the necessary inferences are reasonable based on the evidence's cumulative force when viewed in the light most favorable to the verdict. *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015); *see Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017) ("The court conducting a sufficiency review must not engage in a 'divide and conquer' strategy but must consider the cumulative force of all the evidence."). We must presume that the factfinder resolved any conflicting inferences in favor of the verdict, and we must defer to that resolution. *Murray*, 457 S.W.3d at 448–49.

## B.    Alexander's Issue

Alexander challenges a single jury finding:  that he used a "wooden log" to assault the complainant, as alleged in the indictment. According to Alexander, the evidence is insufficient to show that the object he hit the complainant with could be

4

considered a "wooden log" according to the common meaning of that term. Thus, Alexander does not argue that the State failed to show that he hit the complainant with an object or that the object, in its manner of use or intended use, was capable of causing death or serious bodily injury. *See* Tex. Penal Code Ann. § 1.07(a)(17)(B) (defining noninherent deadly weapon). Instead, Alexander contends that a material variance exists between the indictment's description of the object used and the witnesses' descriptions of the object at trial. *See Gollihar v. State*, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001) ("In a variance situation, the State has proven the defendant guilty of a crime, but has proven its commission in a manner that varies from the allegations in the charging instrument."). Because the existence of a material variance between an indictment's allegations and the State's proof renders the evidence supporting a conviction insufficient, Alexander contends that we must reverse his conviction.[1] *See Thomas v. State*, 444 S.W.3d 4, 9 (Tex. Crim. App. 2014) (noting that a material variance renders a conviction "infirm" but that "[i]mmaterial variances do not affect the validity of a criminal conviction"); *Gollihar*, 46 S.W.3d at 257. But because

---

[1]Alexander contends that rather than rendering a judgment of acquittal, we should reform the judgment to show his conviction for the lesser-included offense of misdemeanor assault and remand the case for a new punishment trial within the lower range applicable to Class A misdemeanors. *See* Tex. Penal Code Ann. § 12.21 (providing range of punishment for Class A misdemeanor), § 22.01(a)(1), (b) (providing that bodily-injury assault is a Class A misdemeanor); *Thornton v. State*, 425 S.W.3d 289, 299–300 (Tex. Crim. App. 2014) (holding that when appellate court determines that the evidence is insufficient to support a conviction for a greater offense, it must consider whether to reform the judgment to show conviction for a lesser-included offense).

the evidence supports the jury's finding that the object Alexander used to commit the assault was a "wooden log" as alleged in the indictment, we conclude that there is no variance between the indictment's allegation and the proof at trial; thus, we reject Alexander's claim that the evidence does not support his conviction.

## C. Witnesses' Description of Object

The complainant testified that he saw Alexander come into Riddles's bedroom holding what "looked like . . . a tree branch, a log." The item "was long, like something you pick up from outside." He had not seen the item before. After seeing Alexander come into the room holding the object, the complainant put his head in his hands; he could not remember anything else from that night. His next memory was of waking up in the hospital.

On cross-examination, the complainant stated that the object Alexander had been holding "looked like a tree branch." He admitted that only seconds elapsed between the time he saw Alexander and the time Alexander started hitting him; thus he did not get a good look at the object. But when the prosecutor asked the complainant again whether his injuries had been caused by Alexander's hitting him with "a wooden log," the complainant answered, "Yes."

Riddles told the police after the attack that Alexander had hit the complainant with a log. At trial, Riddles described the object in several ways. She first testified that Alexander hit the complainant with "a stick" or "some sort of stick" that was made of "[w]ood" and measured "about two-and-a-half inches in diameter

6

and . . . about four foot [sic] long . . . [or] maybe a little shorter." Riddles admitted that the object could have been described as a log and that she had seen Alexander walking with it. Riddles also claimed to have found the "stick, log thing" weeks after the assault; it had been hidden behind the mirror in her bedroom and had been broken into two pieces. Riddles did not know what had happened to the item, though, and opined that it could have been burned in her firepit "as kindling."

Alexander cross-examined Riddles in detail about the nature of the object. According to Riddles, she never measured the "log," and it did not appear to have "just" fallen off a tree; it was rounded and smooth, "like a staff, like something Moses would carry." But when Alexander asked her if the object "was more of a staff than a log," Riddles answered, "I would say it was a log." When Alexander asked Riddles her definition of a log, she answered, "I guess anything two inches in diameter on, I would consider a log." Alexander then questioned Riddles about the dictionary definition of "log":

Q. ([ALEXANDER'S COUNSEL]) Can you tell me what the -- this is?

A. Says definition of a log.

Q. Okay. And you can see where it's printed out from?

. . . .

A. Webster.

Q. Okay. And can you tell me -- read off that first definition for me?

7

A.  Bulky piece or length of a cut or fallen tree; especially: a length of a tree trunk ready for sawing and over six feet long.

Q.  Okay.  And now, do you agree with that definition?

A.  Yeah, I would consider that a log.

Q.  You would consider that a log?  Okay.  And  it -- so you would agree that a log is a length or a cut of a fallen tree?

A.  One of the definitions, yeah.

Q.  Okay.  But you have a different definition of that?

A.  Yes.

Q.  And you're saying both definitions are correct?

A.  Yes.

When the prosecutor asked Riddles whether she had any reason to believe that the object had not been cut from or fallen from a tree "at some point in time," she answered, "It did, I'm sure."  She also said she would describe the item as "bulky."

The detective who investigated the offense testified that Riddles described the object to him as "a log, some type of log, large, long."  From her description, he thought the object "sounded like a large piece of firewood or some type of log." When asked whether the detective thought it obvious that the complainant had been hit with some type of weapon, the detective answered, "Yes," explaining that the nature of the complainant's injuries indicated that "it would take something with . . . quite a bit of mass or weight to create that type of injury and quite a bit of force."

8

Alexander testified at guilt-innocence. He claimed that when he and the complainant had argued, the complainant hit and kicked him numerous times and had broken his cane. After the complainant left the house, Alexander found "an old piece of wooden hoe handle . . . about an inch and a quarter around" and "about three foot [sic] long" in a tool shed in Riddles's backyard.[2] He used it to replace his cane. Alexander claimed that when the complainant returned and was sitting in Riddles's bedroom, he hit the complainant with the hoe handle before the complainant could "get ahold of" him.

## D. Analysis

We measure the sufficiency of the evidence against a hypothetically correct jury charge. *See Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016). Such a charge must, among other things, accurately set out the law, be authorized by the indictment, and adequately describe the particular offense for which the defendant was tried. *Id.* at 599. The "law as authorized by the indictment" means the statutory elements of the charged offense as modified by the factual details and legal theories contained in the charging instrument. *See id.* A correct charge need not define words that are not statutorily defined; the jury may freely read such undefined words as

---

[2]In contrast, Riddles denied that the object had come from her house or that she had a "container" in her yard that held tools.

having any meanings "acceptable in common parlance."[3] *Green v. State*, 476 S.W.3d 440, 445 (Tex. Crim. App. 2015) (quoting *Kirsch v. State*, 357 S.W.3d 645, 650 (Tex. Crim. App. 2012)). We may also apply such common definitions in assessing sufficiency of the evidence. *See Kirsch*, 357 S.W.3d at 652.

On appeal, Alexander provides this court with several definitions of "log" that he contends show the State's proof at trial was deficient: (1) "a usually bulky piece or length of a cut or fallen tree, *especially*: a length of a tree trunk ready for sawing and over six feet (1.8 meters) long"; (2) "a portion or length of the trunk or of a large limb of a felled tree"; and (3) "[a] part of the trunk or a large branch of a tree that has fallen or been cut off." According to Alexander, no rational juror could have concluded from the testimony that the object used to hit the complainant met any of these common definitions of a log. Alexander does not cite any other authority supporting his argument; instead, he distinguishes opinions in which the courts held that no variance existed between the State's indictment allegation and proof at trial.

But regardless of whether we apply any of the above definitions, the evidence supports the jury's finding that Alexander hit the complainant with a log. All of the

---

[3]In the context of considering Alexander's motion for a directed verdict, the trial court took judicial notice of a definition of "log" that Alexander's counsel said he had obtained from Merriam-Webster's dictionary website: "[a] usually bulky piece or length or cut or fallen tree; especially, a length of a trunk ready for sawing and over six feet." But the trial court denied Alexander's motion for a directed verdict, stating, "[I]ncluded within that definition, is a definition that means something less than six feet. And is it merely a piece of wood, which is consistent with the State's claim."

above definitions include in their meanings a piece of wood that was once some part of a tree. Although Alexander admits that the complainant described the object as a "tree branch," he contends we should not give any weight to that testimony because the complainant saw the item for "seconds" and admitted that he did not get a good look at it. But we cannot weigh the evidence in a sufficiency review or assess a witness's credibility; that was the jury's province at trial. *See* Tex. Code Crim. Proc. Ann. art. 38.04; *Queeman*, 520 S.W.3d at 622. The jury could have decided to believe only the complainant's description of the object and no one else's. Or it could have decided that both the complainant's and Riddles's descriptions, or only Riddles's, met the common definition of a log. The jury was not obligated to believe Alexander's self-serving testimony that the item was a hoe handle rather than a log or stick.[4]

Alexander's trial strategy was to convince the jury either that he hit the complainant in self-defense or that he hit the complainant with an item other than a log. In his closing argument, Alexander's counsel argued that Alexander did not deny the he had committed misdemeanor assault. Thus, he told the jury that it had three choices: it could find that Alexander acted in self-defense, find him not guilty of aggravated assault if it did not believe Alexander had used a "wooden log," or find

---

[4]We agree with the reasoning in a similar but unpublished memorandum opinion from this court, in which a panel held that the jury did not have to believe the appellant's self-serving testimony that the object he pointed at the victims and later discarded—described in the indictment as a "firearm"—was actually a pellet gun. *See Lee v. State*, No. 02-17-00379-CR, 2019 WL 3491648, at *1–4 (Tex. App.—Fort Worth Aug. 1, 2019, no pet. h.) (mem. op., not designated for publication).

Alexander guilty of aggravated assault if it believed that Alexander had used a "wooden log." The jury rejected self-defense and found that Alexander had used a "wooden log" as alleged in the indictment. The jury thus rejected Alexander's testimony. And the other evidence supports the jury's verdict. *Cf., e.g., Price v. State*, 227 S.W.3d 264, 266–68 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd, untimely filed) (holding that jurors could reasonably infer that Price used a firearm in committing offense when witnesses described the object as a gun); *Arthur v. State*, 11 S.W.3d 386, 389 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) (same).

Because the record supports the jury's finding that Alexander used a "wooden log" to strike the complainant, we hold that the evidence is sufficient to support the jury's finding and that there was no variance between the indictment's description of the object and the proof at trial. We therefore overrule Alexander's sole issue on appeal.

## IV. CONCLUSION

Because we have overruled Alexander's issue, we affirm the trial court's judgment.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 28, 2019

12