**AFFIRMED and Opinion Filed December 10, 2020**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-01497-CR**

**No. 05-19-01498-CR**

**DECARLOS SINGLETON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause Nos. F18-71132-Y, F18-7113-Y**

## MEMORANDUM OPINION
Before Justices Whitehill, Schenck, and Browning
Opinion by Justice Whitehill

A jury convicted appellant of two counts of delivering methamphetamine.

After finding enhancement paragraphs true, the trial court assessed punishment at

thirty-two years in prison.

In two issues, appellant argues that the evidence is insufficient to support his

convictions because the evidence does not establish that he was the person who sold

the drugs. We disagree.

This case concerns (i) whether the affirmative links test applies where there is evidence that the defendant physically possessed the contraband when the crime was committed and (ii) the jury's ability to weigh evidence and decide credibility issues. As to the former, we reject appellant's invitation to apply the affirmative links test in this context. Regarding the latter, there was sufficient, direct and circumstantial, evidence identifying appellant as the person who sold the drugs from his apartment that a reasonable juror could have found his guilt beyond a reasonable doubt.

Among other incriminating evidence, the undercover officer who twice purchased the drugs at appellant's apartment in face-to-face deals identified appellant as the seller and specifically remembered appellant as a tall, bald male with a unique identifying feature—gold teeth. Another undercover officer who was present confirmed the descriptions. And a rational jury could reasonably have concluded that appellant's version of events was not credible. Therefore, we conclude that the evidence is sufficient to support the convictions and affirm the trial court's judgments.

## I. BACKGROUND

An undercover officer purchased methamphetamine on two separate occasions from an individual with gold teeth that he identified as appellant. Appellant was subsequently charged in two separate indictments, with two enhancement paragraphs each, with delivery of methamphetamine.

At trial, appellant denied making the sales. He acknowledged that he leased the apartment from which the drugs were sold but claimed that he was living in Houston with his mother at the time of the sale. The State presented evidence refuting appellant's version of events.

A jury found appellant guilty of both offenses. After finding the enhancement paragraphs true, the court assessed punishment at thirty-two years in prison and entered judgments accordingly. Appellant appeals from those judgments.

## II. ANALYSIS

It is undisputed that two drug sales were made directly to the undercover officer, Detective Womack. But appellant argues the evidence is insufficient to support his convictions because it does not establish that he was the person who sold the drugs. As discussed below, we disagree.

## A. Standard of Review and Applicable Law

We review the sufficiency of the evidence to support a conviction by viewing all the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

This standard gives full play to the factfinder's responsibility to resolve testimonial conflicts, weigh the evidence and draw reasonable inferences from basic facts to ultimate facts. *Id*. at 319; *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim.

3

App. 2015). And the factfinder is the sole judge of the evidence's weight and credibility. *See* TEX. CODE CRIM. PROC. art. 38.04; *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014).

Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder's. *See Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012). Instead, we determine whether the necessary inferences are reasonable based upon the cumulative force of the evidence when viewed in the light most favorable to the verdict. *Murray*, 457 S.W.3d at 448. We must presume that the factfinder resolved any conflicting inferences in the verdict's favor and defer to that resolution. *Id.* at 448–49. The standard of review is the same for direct and circumstantial evidence cases; circumstantial evidence is as probative as direct evidence in establishing guilt. *Dobbs*, 434 S.W.3d at 170; *Acosta v. State*, 429 S.W.3d 621, 625 (Tex. Crim. App. 2014).

The State must prove beyond a reasonable doubt that the defendant is the person who committed the offense. *Winfrey v. State*, 323 S.W.3d 875, 882 (Tex. Crim. App. 2010). Identity may be established by direct evidence, circumstantial evidence, or reasonable inferences from the evidence. *Gardner v. State*, 306 S.W.3d 274, 285 (Tex. Crim. App. 2009).

A person commits delivery of a controlled substance if they knowingly manufacture, deliver, or possess with intent to deliver methamphetamine. TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.112(a).

**B.      Identity Evidence Supporting the Convictions**

Detective Darrell Womack of the Dallas Police Department arranged to purchase ecstasy pills through a social media page run by the Dallas police. He received details for his purchases over text messages and phone calls from a person using a cell phone with a Houston area code. On January 18, 2018, he drove to a Dallas apartment complex to make his first purchase.

The dealer asked Detective Womack to bring him some beer and cigarettes so Detective Womack purchased these items at a nearby gas station on his way to the sale. When Detective Womack arrived at the apartment complex, a large, bald male stepped out of an apartment to meet him. The man had gold teeth and sounded like the person Detective Womack had been speaking with on the phone. Detective Womack identified appellant as that man.

Detective Womack was able to see appellant clearly. He shook appellant's hand and gave him the beer, cigarettes, and some cash in exchange for 20 pills. The pills were field tested and showed positive for methamphetamine.

Later, Detective Womack texted appellant and asked to purchase 50 more pills for $160. Appellant agreed and Detective Womack returned to the apartment complex six days later.

When appellant came out of the apartment, he and Detective Womack exchanged the cash for the pills at the back of Detective Womack's car. Another field test revealed the pills tested positive for methamphetamine.

Although it was dark when the transactions occurred, it was not so dark that Detective Womack could not see the person handing him the drugs. During these face-to-face exchanges, Detective Womack was sufficiently close to be able to see appellant's size, hair style, height, and gold teeth.

Detective Eric Enriquez of the Dallas Police Department provided Detective Womack with backup during both purchases. Detective Enriquez observed a tall, black male with no hair enter and exit the apartment, and he did not see anyone else in the area that fit the general description of the drug dealer.

The rent rolls Detective Womack obtained show that appellant was leasing the apartment appellant emerged from for the sales. Using information from the rent rolls, Detective Womack obtained a photograph of appellant from the Department of Motor Vehicles and recognized appellant as the person who sold him the drugs. Detective Womack then obtained a search warrant for appellant's apartment.

No one was inside the apartment when Detective Womack executed the search warrant. Two digital scales were found inside the apartment. Detective Womack also found mail in the kitchen cabinet addressed to appellant which appeared to be paystubs from his employment. The paystubs were from a company based in Irving for a pay period that predated the first drug purchase and ended after the second. Appellant's personal identification card and social security card were found in the bedroom. The identification card was issued over a year-and-a-half before the drug sales and showed appellant's gold teeth.

Appellant testified at trial. He said that he was placed in the apartment by the Federal government following displacement from the Houston area due to Hurricane Harvey, but during the time of the drug sales, he was living with his mother in Houston.

According to appellant, he provided a homeless person a key to his apartment to use while he was out of town. Appellant opined that many people in the area fit the drug dealer's description and that it was easy for other people to get into the apartment. Appellant also said that he never worked for the company listed on the paystubs found in the apartment; he created them to help him find a different apartment to live in.

Appellant denied delivering drugs to Detective Womack. He also denied that the grim reaper tattoo on his arm was a good luck symbol commonly used by drug

7

dealers. He admitted, however, that he was convicted of drug possession in 2002 and was arrested for delivering crack cocaine in 2005. He also admitted he had a permanent gold grill attached to his teeth.

Appellant relies on the "affirmative links test" to argue that there are insufficient affirmative links to connect him to the crime. Specifically, he challenges evidence that the phone number from which texts were made to Detective Womack was not his, says he never had short hair, and he used the nickname "Los," not "Clow." He further claims he did not live in the apartment, gave the keys to the apartment to a homeless man, and did not deliver the drugs to Detective Womack.[1]

The affirmative links test is used when a defendant is not in exclusive possession of the place where contraband is found. *Taylor v. State*, 106 S.W.3d 827, 830 (Tex. App.—Dallas 2003, no pet.). In that instance, the State must present additional evidence to affirmatively link the contraband to the accused. *Brown v. State*, 911 S.W.2d 744, 748 (Tex. Crim. App. 1995). Courts consider a list of non-exclusive factors to determine if there is sufficient additional evidence linking the defendant to the contraband. *See Tate v. State*, 500 S.W.3d 410, 414 (Tex. Crim. App. 2016).

---

[1] The person who responded to the police's Facebook page recommended "Clow," her cousin, as a person selling drugs and provided appellant's contact information. Detective Womack's reports indicated appellant had short hair.

Here, however, the State did not allege that appellant was simply present when drugs were found, but rather that he possessed and sold the drugs. Appellant argues he was not the seller. Thus, the issue is not whether there are sufficient links connecting appellant to the contraband. Instead, the question is whether there is sufficient evidence identifying appellant as the seller.

Appellant's claim that he did not live in the apartment at the time and gave the keys to a homeless person and therefore could not have been the seller conflicted with Detective Womack's testimony positively identifying appellant as the man who came out of the apartment and sold him the drugs. This conflicting testimony, and the other conflicting evidence appellant identifies, required that the jury make credibility determinations. *See Bartlett v. State*, 270 S.W.3d 147, 150 (Tex. Crim. App. 2008) (jury is exclusive judge of facts and evidentiary weight).

The guilty verdict reflects that the jury found the State's identity evidence more credible. And we do not substitute our judgment for the factfinder's or reweigh the evidence. *See Zuniga v. State*, 551 S.W.3d 729, 732 (Tex. Crim. App. 2018). On this record, the evidence is sufficient to support appellant's convictions. We resolve appellant's two issues against him.

## III. CONCLUSION

Having resolved all of appellant's issues against him, we affirm the trial court's judgments.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
191497F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DECARLOS SINGLETON,
Appellant

No. 05-19-01497-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 7, Dallas County, Texas
Trial Court Cause No. F-1871132-Y
CT.1.
Opinion delivered by Justice
Whitehill. Justices Schenck and
Browning participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered December 10, 2020



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DECARLOS SINGLETON,
Appellant

No. 05-19-01498-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 7, Dallas County, Texas
Trial Court Cause No. F18-71113-Y
CT.1.
Opinion delivered by Justice
Whitehill. Justices Schenck and
Browning participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered December 10, 2020