

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1230-14

**CHAD WILLIAM MURRAY, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SEVENTH COURT OF APPEALS
### HILL COUNTY

HERVEY, J., delivered the opinion of the Court in which KELLER, P.J., JOHNSON, KEASLER, ALCALA, RICHARDSON, YEARY, NEWELL, JJ., joined. MEYERS, J., filed a dissenting opinion.

## O P I N I O N

Chad William Murray, Appellant, was charged with misdemeanor driving while intoxicated and was convicted by a jury. He was sentenced to one-year confinement in the county jail and ordered to pay a $1,000 fine. His sentence of confinement was suspended, and Appellant was placed on community supervision for two years. On appeal, Appellant argued that there was insufficient evidence adduced at trial to prove beyond a reasonable

doubt that, for purposes of the DWI statute, he was operating a vehicle. The court of appeals agreed, reversed the judgment below, and rendered an acquittal. The State Prosecuting Attorney filed a petition for review in this Court, which we granted. The sole question for our review is whether "a driver who is passed out behind the wheel of a running vehicle [is] 'operating' it for the purposes of DWI?" We will reverse the judgment of the court of appeals.[1]

On January 16, 2011, between approximately 1:00 a.m. and 2:00 a.m., Deputy James McClanahan of the Hill County Sheriff's Office was driving on Highway 22 when he saw Appellant's black truck parked on the side of the road. The vehicle, with its headlights on, was parked partially on an improved shoulder and partially in a driveway near a fireworks stand. The officer believed that the engine was running because, due to the cold weather, he could see exhaust vapors leaving the tailpipe of the truck, but he could not see anyone in the vehicle as he drove past it. And because the fireworks stand near Appellant's truck had been broken into recently, Deputy McClanahan suspected that Appellant may have been attempting to steal fireworks, so he parked and approached Appellant's truck on foot. As he neared the vehicle, he saw Appellant reclined in the driver's seat asleep. He also confirmed that the engine was running, the truck transmission was in the "park" position, and the radio was on with the volume turned up. Because of the volume of the radio, McClanahan had to "beat" on the driver's side

---

[1]We solely address the sufficiency of the evidence as it pertains to the element of "operating" in the DWI statute because Appellant challenged only that element of the statute.

window for a few minutes to rouse Appellant. Once awake, Appellant rolled down the window, and Deputy McClanahan immediately smelled alcohol in the truck. He also noted that Appellant appeared very intoxicated, his movements were sluggish, and his speech was impaired. He asked Appellant whether he had been drinking alcohol, and Appellant responded that "he'd had a little." There was no one else in Appellant's vehicle or anyone near the area, and no alcoholic substances or containers were found in the vicinity.

McClanahan, who was not certified to administer standard field sobriety tests, radioed for an officer certified to perform those tests. Trooper Frederick Hart from the Department of Public Safety was dispatched to the scene. Hart testified that Appellant failed all of the standard field sobriety tests. Consequently, Trooper Hart arrested Appellant for DWI.

### EVIDENTIARY-SUFFICIENCY PRINCIPLES

When reviewing whether there is legally sufficient evidence to support a criminal conviction, the standard of review we apply is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). This standard tasks the factfinder with resolving conflicts in the testimony, weighing the evidence, and drawing reasonable inferences from basic facts. *Id.* On appeal, reviewing courts "determine whether the necessary

inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Thus, "[a]ppellate courts are not permitted to use a 'divide and conquer' strategy for evaluating sufficiency of the evidence"[2] because that approach does not consider the cumulative force of all the evidence. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that determination. *See Hooper v. State*, 214 S.W.3d 9, 12 (Tex. Crim. App. 2007).

### DISCUSSION

Although the court of appeals correctly stated the applicable standard of review for insufficient-evidence claims, it misapplied that standard of review in its analysis in two respects. First, the court engaged in a divide-and-conquer analysis, explaining away individual facts that, when considered together, would support a reasonable inference that Appellant operated his vehicle while intoxicated. Second, the court focused its analysis on evidence that was *not* admitted at trial by distinguishing "missing" evidence in Appellant's case from evidence present in preceding cases. However, since *Jackson* was decided, the pertinent inquiry in an evidentiary-sufficiency analysis remains the same: whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

---

[2]*Hacker v. State*, 389 S.W.3d 860, 873 (Tex. Crim. App. 2013).

The court of appeals concluded that the record showed that "[A]ppellant was simply found asleep in a running truck while parked off the roadway and mainly in a private driveway. And, while one can infer that someone had to have driven the truck there, we have no evidence as to when or whether the person was inebriated at the time." *Murray v. State*, 440 S.W.3d 927, 929 (Tex. App.—Amarillo 2014, pet. granted). We disagree.

The record shows that Appellant's vehicle engine was running, that he was in the driver's seat, that he was the only person in the vehicle, and he was the only person in the vicinity. It also shows that there were no alcoholic beverages or containers in the area. McClanahan testified that, as soon as Appellant rolled down the driver side window, he could immediately smell alcohol, and he thought Appellant was "very intoxicated" based on his observations. Those observations included that Appellant's actions were sluggish, his speech was impaired, and he could not remove his driver's license from his wallet, although he tried and failed multiple times. McClanahan testified that, when he asked Appellant for identification, Appellant pulled business cards out of his wallet and tried to hand them to him, and when McClanahan told Appellant that those were business cards, Appellant handed him a folded $100 bill from his wallet. McClanahan told Appellant he did not want his money, and ultimately, he had to remove the driver's license from Appellant's wallet.

Based on Appellant's admission that he had been drinking, McClanahan's

observation that Appellant appeared "very intoxicated," and the fact that no alcoholic beverages were found in the vicinity, a factfinder could have reasonably inferred that Appellant consumed alcoholic beverages to the point of intoxication somewhere other than where he was found. Furthermore, because Appellant was the only person found in the area, a factfinder could have also reasonably inferred that Appellant drove his vehicle to the location at which he was found after drinking to intoxication.[3]

When the evidence is viewed in the light most favorable to the State, a rational factfinder could have found that Appellant operated his vehicle while intoxicated. Consequently, we hold that the evidence in this case was legally sufficient to sustain the jury's finding that Appellant operated his vehicle. We reverse the judgment of the court of appeals and remand this case for the court of appeals to address any other properly raised claims necessary to the disposition of Appellant's appeal.

Hervey, J.

Delivered: April 15, 2015

Publish

---

[3]The court of appeals appears troubled that the record did not reveal "[w]hether [A]ppellant owned or was in some way affiliated with the fireworks stand . . . . [w]hether he began ingesting alcoholic substances at a locale near the fireworks stand . . . ," and "whether establishments existed nearby whereat intoxicating substances could be acquired." *See Murray*, 440 S.W.3d at 929. We believe that these concerns are without merit and lose sight of the ultimate inquiry of any evidentiary-sufficiency analysis in a DWI case.

The State does not have the burden to prove where Appellant obtained or consumed alcoholic beverages, or whether Appellant was affiliated with the nearby fireworks stand. The only question is whether the factfinder could have reasonably inferred sufficient facts to determine that each element of the offense was proven beyond a reasonable doubt.