

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-1189-14

---

### FRANCHESKA V. JAGANATHAN, Appellant

### v.

### THE STATE OF TEXAS

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTEENTH COURT OF APPEALS
### CHAMBERS COUNTY

---

**MEYERS, J.,** filed a dissenting opinion.

### D I S S E N T I N G   O P I N I O N

In this case, the court of appeals concluded that the judge erred in denying Appellant's

motion to suppress because the State Trooper lacked reasonable suspicion that Appellant had

disobeyed the "Left Lane for Passing Only" sign. *Jaganathan v. State*, 438 S.W.3d 823 (Tex.

App.–Houston [14th Dist.] 2014). The State Prosecuting Attorney brought this petition,

taking issue with the court of appeals' conclusion. Agreeing with the State Prosecuting

Attorney,[1] the majority now comes back and says that the court of appeals' analysis was incorrect for multiple reasons, including that it focused on Appellant's possible defenses to not passing while in the left lane rather than whether the officer simply had a reasonable suspicion that she had disobeyed the sign.

I am concerned, however, that Appellant's actions in this case, regardless of whether she was actually passing another vehicle, cannot constitute a crime at all. Transportation Code Section 544.004(a) states that "The operator of a vehicle or streetcar shall comply with an applicable official traffic-control device placed as provided by this subtitle. . . ." However, it is unclear how an individual can comply with the "Left Lane for Passing Only" sign and when his or her actions would become criminal activity. Can a driver proceed into the left lane only if he or she intends to pass a vehicle? If so, how would the State ever prove the driver's intent? Is a driver required to actually pass another vehicle while in the left lane and is there a specific amount of time in which this pass must occur? Once a driver passes another vehicle, is he or she then required to move back into the right lane, or can the driver stay in the left lane in anticipation of passing a car ahead? What if a driver needs to exceed the posted speed limit in order to pass? What if a driver intended to pass but the car next to him or her increases speed? What if a driver never comes upon cars to pass, but intended to pass any that were on the roadway?

---

[1] This court has become inordinately generous with the SPA's theories lately. For example, in *Murray v. State,* No. PD-1230-14, 2015 LEXIS 391 (Tex. Crim. App. Apr. 15, 2015), the majority upheld a DWI conviction based on an inference that the Appellant had driven, although this was not supported by any direct or circumstantial evidence.

"The purpose of regulatory signs is to provide drivers with notice of traffic laws or regulations." *Abney v. State*, 394 S.W.3d 542, 549 (Tex. Crim. App. 2013). However, this particular sign leaves me with more questions than answers as I am unsure of how an individual commits a crime under the language of it. Drivers themselves cannot know what they are and are not able to do when they get into the left lane and at what point they become criminally liable. Unlike a DWI offense, for example, which explicitly sets out the elements to be proved, this statute uses vague terminology. It is just a generic mandate to follow road signs without the setting out of elements as is done in traditional indictments or complaints. This adds to the confusion motorists have in trying to comprehend this sign and statute, and the benefit of the doubt of the reasonable suspicion should not go to the State. Reasonable suspicion should not be based on a crime that no one understands how to commit or not commit.

For these reasons, the presence of this sign, which provides no true notice or instruction, is the equivalent of having no sign at all. And as discussed in *Abney*, when there is no sign within a reasonable distance of the traffic stop, there can be no reasonable suspicion that a traffic violation occurred. *Id*. at 550. Therefore, Appellant should not have been pulled over and her motion to suppress the evidence found in the car should have been granted. For these reasons I would affirm the judgment of the court of appeals and, therefore, I respectfully dissent.

Meyers, J.

Filed: September 16, 2015

Publish