

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00204-CR

JERMAIN GAITHER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2013-400,719, Honorable Jim Bob Darnell, Presiding

December 7, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Jermain Gaither appeals his conviction for aggravated robbery. Through his sole issue, he contends that the evidence was insufficient to prove, beyond reasonable doubt, that the objects he and his accomplice exhibited during their robbery of a convenience store were firearms or deadly weapons. We overrule the issue.

The applicable standard of review is described in *Murray v. State*, 457 S.W.3d 446 (Tex. Crim. App. 2015). Under it, we decide "'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found

the essential elements of the crime beyond a reasonable doubt.'" *Id.* at 448, *quoting, Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) (emphasis in original). The standard burdens "the factfinder with resolving conflicts in the testimony, weighing the evidence, and drawing reasonable inferences from basic facts." *Id.* And, the reviewing court must decide if "'the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict.'" *Id.*

Appellant does not dispute that he and an accomplice robbed the convenience store. Nor does he deny that he carried an object that the store clerk characterized as a "pistol." Instead, he simply alleges that the clerk's testimony about seeing only a barrel protruding from his jacket sleeve was insufficient to establish that the object was an actual firearm.

Appellant correctly suggests that the clerk testified to seeing only a four or five inch black barrel protruding from the jacket sleeve. So too did he testify that 1) two men entered the store brandishing "guns," 2) they were "pistols," 3) the weapons each robber carried looked similar, 4) the item pointed at him did not look like the toy guns with which his child played, and 5) he was sure they were "real." To that we add the following bit of evidence. The clerk was asked: "At one point when they were yelling at you about a safe, did the man in the dark colored jacket [*i.e.* appellant] point that gun at you and say anything to you?" His answer was: "He pointed the gun at me, said, '*This is real*. If you don't open this safe, *I'm going to shoot you* in the leg.'" (Emphasis added). So, contrary to appellant's contention, the record contains more than merely the clerk's description of what appellant and his accomplice allegedly held. It contains

2

appellant's own representation or admission that what he wanted the clerk to believe was a firearm was "real" and was going to be used to "shoot [the clerk] in the leg." From that amalgam of evidence, the jury could have rationally inferred, beyond reasonable doubt, that what appellant used and exhibited "a deadly weapon, to-wit: a firearm" during the robbery as alleged in the indictment. So too could it have disregarded appellant's later contradictory statement to the arresting officer that the firearm was merely a toy, a truism that appellant acknowledged in his brief.

Accordingly, the judgment of the trial court is affirmed.

Brian Quinn
Chief Justice

Do not publish.