

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-15-00207-CR

JAMES DAVID ROBINSON, JR.                                    APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

FROM COUNTY CRIMINAL COURT NO. 5 OF DENTON COUNTY
TRIAL COURT NO. CR-2012-04882-E

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant James David Robinson, Jr. of driving while intoxicated (DWI), and the trial court sentenced him to 360 days' confinement, suspending imposition of the sentence and placing Appellant on community supervision for 20 months. Appellant brings a single issue on appeal challenging the sufficiency of the evidence to support his conviction. Specifically, Appellant

---
[1]*See* Tex. R. App. P. 47.4.

challenges the sufficiency of the evidence to prove that he operated the vehicle. Because the evidence is sufficient to support the jury's verdict, we affirm the trial court's judgment.

At around 1:47 a.m. on January 7, 2012, while Officer Keith Putnam of the Frisco Police Department was sitting in his car and writing reports with the windows down, he witnessed Appellant and a woman arguing outside a car parked alongside the far right lane of Eldorado Parkway in Frisco. As Officer Putnam began putting away his paperwork, he saw the car begin to drive away. The car stopped at the intersection of Eldorado and Legacy. At that time, the woman was walking west on Eldorado. Officer Putnam could not see who was behind the wheel of the car. Officer Putnam pulled out of the east side of the parking lot onto Legacy. Because of a median, Officer Putnam could not turn left onto Legacy, so he turned right and then made a U-turn to go north on Legacy. When he reached the car he had seen, it was parked in the right lane of Legacy with its hazard lights on; he saw the woman still walking down Eldorado. Officer Putnam also saw Appellant walking. At first, it appeared to Officer Putnam that Appellant was following the woman, but at some point, Appellant crossed Eldorado "kind of away from her" and went south, "kind of trotting across Eldorado, going from the north sidewalk to the south sidewalk." When Officer Putnam stopped Appellant, Appellant was behind a trailer.

Officer Putnam noticed that Appellant seemed flustered and smelled of alcohol. Officer Putnam asked Appellant how long it had been since he had

2

consumed any alcohol. Appellant answered that it had been a few hours. Later, he told the officer both that he was a nondrinker and that it is "not against the law to be drunk in America." Officer Putnam noticed that Appellant's eyes were bloodshot and glassy and that his speech was slurred at times. After Appellant refused field sobriety tests, Officer Putnam arrested him for DWI.

Amy Robinson, Appellant's wife, testified that she was the woman whom Putnam saw arguing with Appellant. She testified that she and Appellant had left their friends' house and that both she and Appellant were in the car. She testified that she drove the car and that her husband did not drive the car that night. She admitted that he was intoxicated. She testified that after she and Appellant began to argue, she got out of the car to walk.

In his sole issue, Appellant argues that the evidence is insufficient to support his conviction because Officer Putnam did not see Appellant behind the wheel of the vehicle. In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[2] This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic

---

[2]*Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).

facts to ultimate facts.[3]  The trier of fact is the sole judge of the weight and credibility of the evidence.[4]  Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder.[5]  Instead, we determine whether the necessary inferences are reasonable based upon the cumulative force of the evidence when viewed in the light most favorable to the verdict.[6]  We must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution.[7]

"A person commits [DWI] if the person is intoxicated while operating a motor vehicle in a public place."[8]

Amy stated that she drove the couple away from their friends' house but admitted that she and Appellant were both in the car, that he was intoxicated, and that after they argued, she left the car and walked.  Officer Putnam testified that he saw the car moving while Amy was walking down the street.  Thus,

---

[3]*Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App.), *cert. denied*, 136 S. Ct. 198 (2015).

[4]*See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014).

[5]*See Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012).

[6]*Murray*, 457 S.W.3d at 448.

[7]*Id.* at 448–49.

[8]Tex. Penal Code Ann. § 49.04(a) (West Supp. 2015).

4

although there was evidence that Amy was driving the car when she and Appellant left their friends' house to go home, the record also reflects that she was outside the car and walking down the street when Officer Putnam saw the car being driven down the street.

Applying the appropriate standard of review, we hold that the jury, as the sole judge of the credibility and weight of the conflicting evidence, could have reasonably concluded beyond a reasonable doubt that while Amy was walking outside the car, the car moved down the road because Appellant, the only other occupant of the car, was operating the vehicle on a public street while he was intoxicated.

We therefore hold that the evidence is sufficient to support Appellant's DWI conviction, overrule his sole issue, and affirm the trial court's judgment.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT and GARDNER, JJ.; and KERRY FITZGERALD (Senior Justice, Retired, Sitting by Assignment).

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 16, 2016

5