

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0967-15

### GENARO GALVAN ACOSTA, JR, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### LIVE OAK COUNTY

**MEYERS, J.,** filed a dissenting opinion.

### <u>DISSENTING OPINION</u>

The court of appeals correctly applied the affirmative links standard from *Evans v. State*, 202 S.W.3d 158 (Tex. Crim. App. 2006) and concluded that most of the factors used to show an affirmative link were not present in this case. The majority refers to this as a "divide and conquer" analysis and says that the court of appeals should not have considered what evidence was missing. Instead, the majority takes what little evidence was presented and draws inferences from the evidence until it cumulates enough to

support Appellant's conviction. This is exactly what the majority did in *Murray v. State*, 457 S.W.3d 446 (Tex. Crim. App. 2015), and I dissented to the use of such attenuated inferences.

The observations made by the officers in this case may have amounted to probable cause to arrest Appellant, but they do not affirmatively link Appellant to the drugs found in the car. Because Appellant was not in exclusive possession of the place where the drugs were found, more investigation should have been conducted after Appellant's arrest to establish whether he exercised actual care, custody, or control over the drugs as required to prove unlawful possession of a controlled substance. I agree with the court of appeals that the evidence presented to the jury was insufficient to support Appellant's conviction and I therefore respectfully dissent.


Filed: November 23, 2016

Do Not Publish