

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00166-CR

_____

CHRISTOPHER CODY KING, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from County Criminal Court No. 9
Tarrant County, Texas
Trial Court No. 1545548

---

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Appellant Christopher Cody King complains of the sufficiency of the evidence supporting his conviction for misdemeanor theft. *See* Tex. Penal Code Ann. § 31.03 (e)(3). The charge arose after King agreed to perform electrical work for Cathleen and Bradley Thomas, accepted their $1,140 deposit, and then never performed the work. King argues that there was no evidence of his intent to deceive the Thomases at the time of their agreement, but we disagree and therefore affirm the trial court's judgment.

### Background

The facts are undisputed and straightforward. Cathleen was relocating her pet-grooming salon from her home to a commercial space, and she needed some electrical work done to bring the space up to code. She saw King's ad on Facebook stating that he was a licensed electrician, so she contacted him and they met at the future salon. King quoted the Thomases a total cost of $1,900 for the necessary electrical work and requested $1,140 in cash up front. Bradley paid the $1,140, and, by Cathleen's recollection, King was supposed to start work on a Saturday and complete it "by that Sunday or within a few days." At the latest, he was to come get a key to the property on Saturday and start work on Sunday.

But King never showed up to do the work, and he never returned the $1,140 deposit. Cathleen sent him text messages, but King never responded. Once, a woman claiming to be King's girlfriend responded and said that King had been in an

2

accident and was in the hospital; but when Cathleen asked which hospital, her question went unanswered. She continued texting King and finally received another response, purportedly from his father, saying that he was on the way to the hospital to see King and "that [King] had never screwed anybody to date and he wouldn't start with [Thomas]." When Cathleen tried to reach King through his Facebook ad, King blocked her and took down the ad. Eventually, Cathleen found another contractor to perform the work.

At trial, Cathleen testified that she would have understood if King were hospitalized, but when she received no further explanation, she concluded that King never intended to do the work.

The jury found King guilty of misdemeanor theft, and the trial court assessed a 270-day sentence suspended for 24 months' community supervision.

## Discussion

In his only issue, King asserts that the evidence is insufficient because it failed to establish that he intended to steal the $1,140 when he accepted it from Bradley as a deposit. We disagree.

In our evidentiary-sufficiency review, we view all the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the crime's essential elements beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017).

3

Theft is the unlawful appropriation of property without the effective consent of the owner with the intent to deprive the owner of property. Tex. Penal Code Ann. § 31.03(a). Consent is ineffective if induced by deception. *Id.* § 31.01(3)(A). As applied in this case, "deception" is defined as

> promising performance that is likely to affect the judgment of another in the transaction and that the actor does not intend to perform or knows will not be performed, except that failure to perform the promise in issue without other evidence of intent or knowledge is not sufficient proof that the actor did not intend to perform or knew the promise would not be performed.

*Id.* § 31.01(1)(E).

In contractual theft, the State must prove that the accused intended to deprive the owner of the property when it was taken. *Johnson v. State*, 560 S.W.3d 224, 227 (Tex. Crim. App. 2018). This intent may be inferred from circumstantial evidence, *Roper v. State*, 917 S.W.2d 128, 132 (Tex. App.—Fort Worth 1996, pet. ref'd), which we must scrutinize as we do other elements of an offense, *Laster v. State*, 275 S.W.3d 512, 519–20 (Tex. Crim. App. 2009). But when a record supports conflicting inferences, we "must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflict in favor of the prosecution, and must defer to that resolution." *Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991).

We must therefore presume in this case that the jury resolved any conflicting inferences in favor of the State and the Thomases. Unlike in *Roper*, in which we

reversed a theft conviction because the terms of the parties' agreement were unclear, *see* 917 S.W.2d at 130, the testimony in this case established the agreement between the Thomases and King: King committed to performing certain electrical work, and the Thomases paid the deposit for such work. The jury was free to infer from the circumstances surrounding the agreement and King's later "ghosting" of the Thomases that he intended to deceive them: despite his failure to ever show up to do the work, King made no efforts to contact the Thomases and explain why he did not show up; he did not return phone calls or text messages from Cathleen; though someone responded to Cathleen and said King was in the hospital, that person never responded when Cathleen asked which hospital or for more information; when Cathleen tried to contact King through Facebook, his ad was deleted and she was blocked; and King never refunded the money to the Thomases. *See, e.g.*, *Merryman v. State*, 391 S.W.3d 261, 272 (Tex. App.—San Antonio 2012, pet. ref'd) (considering defendant's ignoring phone calls and text messages as a factor indicating his intent to deceive at the time he entered into contract); *Davis v. State*, No. 14-04-00610-CR, 2006 WL 177581, at \*2 (Tex. App.—Houston [14th Dist.] Jan. 26, 2006, pet. ref'd) (mem. op., not designated for publication) (holding similarly).

The jury's inferences are reasonable based on the evidence's cumulative force when viewed in the light most favorable to the verdict, and we will not disturb the jury's evaluations of weight and credibility. *See Queeman*, 520 S.W.3d at 622; *Murray v.*

*State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015). The evidence is sufficient to support the theft conviction, and we overrule King's sole issue on appeal.

## Conclusion

Having overruled King's only issue on appeal, we affirm the trial court's judgment.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: January 7, 2021