

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0753-20

### BETHANY GRACE MACIEL, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### BRAZOS COUNTY

MCCLURE, J., delivered the unanimous opinion of the Court. NEWELL, J., filed a concurring opinion.

## O P I N I O N

A jury convicted Appellant of driving while intoxicated (DWI) with an alcohol concentration level of 0.15 or more, a Class A misdemeanor. *See* TEX. PENAL CODE § 49.04(d). The trial court assessed punishment at twenty days in jail and a $2,500 fine. Appellant claims the trial court erred by denying her requested jury

instruction on the defense of necessity. The court of appeals held that there was no error in refusing the jury charge on necessity. *Maciel v. State*, No. 13-18-00586-CR, 2020 Tex. App. LEXIS 5391 (Tex. App.—Corpus Christi July 16, 2020) (mem. op., not designated for publication). We disagree and hold that Appellant was entitled to a jury instruction on necessity.

*Background*

On January 31, 2016, Appellant went out drinking with her brother and his wife. Appellant was too intoxicated to drive home so her brother drove her vehicle. On the way back to Appellant's apartment, Appellant's brother became ill and stopped the car in the middle of the road and began vomiting. Appellant climbed over from the passenger seat to the driver's seat. Although Appellant was intoxicated and did not feel safe to drive, she had "to try and move the car out of the middle of the road to the closest parking lot." However, Appellant could not get the car to move. She testified, "I couldn't get the car to move, so I wasn't driving. I don't think I was operating it."

Officer Philip Shaw with the Texas A&M University Police Department found the vehicle stopped in a lane of traffic with smoke coming from under the hood. Appellant was in the driver's seat and the engine was running. Appellant attempted to shift gears and the officer instructed her not to do that. After failing the field sobriety tests, Appellant was arrested for DWI.

At trial, Appellant requested a jury charge on necessity because she was trying to move the vehicle from the roadway. The State responded that Appellant could not argue that she was not driving or operating the vehicle and also claim she was driving out of necessity. The trial court denied the request for the defensive instruction.

On appeal, Appellant brought a single point of error, arguing that the trial court erred by denying her requested jury instruction on the defense of necessity. The court of appeals held that there was no error in refusing the jury charge on necessity because Appellant's defense was that she did not operate the vehicle. In fact, Appellant testified, "I couldn't get the car to move, so I wasn't driving. I don't think I was operating it." The court of appeals held that, because Appellant did not admit the underlying DWI, she was not entitled to the defense of necessity. We granted Appellant's petition for discretionary review to address her claim that in so holding the court of appeals applied an incorrect legal standard.

## Standard of Review

The trial court must provide the jury with "a written charge distinctly setting forth the law applicable to the case." *Walters v. State*, 247 S.W.3d 204, 208 (Tex. Crim. App. 2007) (quoting TEX. CODE CRIM. PROC. art. 36.14). The trial court must instruct the jury on statutory defenses, affirmative defenses, and justifications whenever they are raised by the evidence in the case. *Id.* at 208–09. "A defendant is entitled to an instruction on every defensive issue raised by the evidence, regardless

of whether the evidence is strong, feeble, unimpeached, or contradicted, and even when the trial court thinks the testimony is not worthy of belief." *Id.* at 209. When reviewing a trial court's ruling denying a requested defensive instruction, we view the evidence in the light most favorable to the defendant's requested instruction. *See Bufkin v. State*, 207 S.W.3d 779, 782 (Tex. Crim. App. 2006).

*Definition of Necessity*

Texas Penal Code section 9.02 provides that "[i]t is a defense to prosecution that the conduct in question is justified under this chapter." Texas Penal Code section 9.22, in turn, provides in relevant part that conduct that is otherwise criminal "is justified if: (1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm [and] (2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct." *See* TEX. PENAL CODE §§ 9.02, 9.22.

Necessity is a confession-and-avoidance defense requiring the defendant to admit to his otherwise illegal conduct. *Juarez v. State*, 308 S.W.3d 398, 404 (Tex. Crim. App. 2010). To be entitled to a defensive instruction for necessity, a defendant must put on evidence that "essentially admits to every element of the offense, including the culpable mental state." *Shaw v. State*, 243 S.W.3d 647, 659 (Tex. Crim.

App. 2007). In other words, a defendant cannot both invoke necessity and flatly deny the charged conduct.

Nevertheless, a "defendant is entitled to an instruction on any defensive issue raised by the evidence, whether that evidence is weak or strong, unimpeached or uncontradicted, and regardless of how the trial court views the credibility of the defense." *Celis v. State*, 416 S.W.3d 419, 430 (Tex. Crim. App. 2013) (citing *Allen v. State*, 253 S.W.3d 260, 267 (Tex. Crim. App. 2008)). A defense is supported (or raised) by the evidence if there is some evidence, from any source, on each element of the defense that, if believed by the jury, would support a rational inference that that element is true. *Shaw*, 243 S.W.3d at 657-58; *see Juarez*, 308 S.W.3d at 404. In determining whether a defense is thus supported by the evidence, the court views the evidence in the light most favorable to the defendant's requested jury instruction, *Jordan v. State*, 593 S.W.3d 340, 343 (Tex. Crim. App. 2020), and relies "on its own judgment, formed in the light of its own common sense and experience, as to the limits of rational inference from the facts proven." *Shaw*, 243 S.W.3d at 658.

## *Appellant Raised the Defense of Necessity*

Appellant was charged with DWI, an offense committed if an intoxicated person operates a motor vehicle in a public place. TEX. PENAL CODE § 49.04(a). Appellant's defense to the charge was that, although she was intoxicated, she was

attempting to move the vehicle out from the middle of the road to a nearby parking lot out of concern for her and her fellow passengers' safety. The court of appeals held that Appellant was not entitled to the defensive instruction because she denied committing the offense. Specifically, the intermediate court focused on Appellant's statement that she did not "think I was operating [the car]." Appellant argues that the court of appeals erred by ignoring this Court's confession-and-avoidance precedent set out in *Juarez v. State*, 308 S.W.3d 398, 400 (Tex. Crim. App. 2010). In Appellant's view, the court of appeals wrongly emphasized an isolated inconsistency instead of examining her testimony in its totality to determine whether a jury could reasonably infer she was operating the vehicle.

In *Juarez v. State*, the defendant was indicted for aggravated assault on a peace officer for biting the officer's finger. *Juarez,* 308 S.W.3d at 400. At trial, Juarez testified that while the officer had him on the ground with his face in the dirt, he felt like he was suffocating, and that he somehow ended up with the officer's finger in his mouth, biting down on it to get the officer off him. *Id*. at 400. By contrast, on cross examination, Juarez testified that he did not intentionally, knowingly, or recklessly bite the officer and that he was just concerned for his life; that it was an accident and he just bit down and let go. *Id*.

Following the close of evidence, Juarez requested a necessity instruction, which was denied by the trial court. The judge found that Juarez was not entitled to

the instruction because he had denied the culpable mental state of intentionally, knowingly, or recklessly. *Id.* at 401. Juarez appealed this refusal to instruct the jury on necessity. The State argued that the defendant was not entitled to the instruction because he did not admit to all the elements of the offense. The court of appeals determined that the defendant's testimony, admitting to the act of biting, even if by accident, was sufficient to entitle him to an instruction. Finding the error harmful, the court of appeals reversed the trial court's judgment.

On the State's petition for discretionary review, we agreed with the court of appeals that the trial court had erred in denying the defendant's request for a necessity instruction and that the error was harmful. Specifically, we held that a defendant cannot flatly deny the charged conduct, but if he admits to circumstances surrounding his conduct from which the jury could infer the mental state, the doctrine of confession and avoidance would still be satisfied. *See id.* at 405-06. Therefore, Juarez satisfied the confession-and-avoidance doctrine because he had both admitted the act and offered evidence from which the requisite mental state could be inferred.

Turning to the case before us, we recognize that DWI is a strict liability crime, meaning that it does not require a specific mental state (*e.g.*, intentionally, knowingly, or recklessly to operating a motor vehicle while intoxicated). TEX.

PENAL CODE § 49.11. Therefore, Appellant need not present defensive evidence regarding her mental state.

However, Appellant did present defensive evidence showing that, while she was intoxicated, she was not operating a motor vehicle in a public place. *See* TEX. PENAL CODE § 49.04(a). While the term "operate" is not statutorily defined, this Court has held that, under a sufficiency review, the totality of the circumstances must demonstrate that the defendant took action to affect the functioning of his vehicle in a manner that would enable the vehicle's use. *See Denton v. State*, 911 S.W.3d 388, 390 (Tex. Crim. App. 1995). We have also defined "to operate" as "to exert personal effort to cause the vehicle to function." *See Kirsch v. State*, 357 S.W.3d 645, 652 (Tex. Crim. App. 2012); *see also Denton*, 911 S.W.3d at 388 (defendant unable to accelerate because vehicle required time to "warm up"); *see also Murray v. State*, 457 S.W.3d 446, 449 (Tex. Crim. App. 2015) (factfinder may reasonably infer that driver operated his vehicle when he was in the driver's seat and no one else was found in the vehicle or in the area; *see also Dornbusch v. State*, 262 S.W.3d 432 (Tex. App.—Fort Worth 2008, no pet.) (defendant asleep in driver's seat of idling vehicle parked in parking lot).

While the court of appeals only looked at the evidence which undermined the request for the instruction, it failed to look at the following evidence supporting it:

- Officer Shaw's testimony:

- o The vehicle was stopped, the engine was running, and Appellant was in the driver's seat, trying to move the vehicle.
  - o Appellant was trying to help her brother get home and she was trying to move the vehicle.
  - o When he approached the vehicle, Appellant said that she was trying to move the vehicle to the side.

- The bodycam video:
  - o Appellant attempted to manipulate the gear shifter.
  - o Officer Shaw asked, "Were you driving a car?" and Appellant said "Yes."

- Appellant's testimony:
  - o She was scared because they were stopped in the middle of the road, she was worried about her brother, and she moved into the driver's seat "to try and move my car out of the middle of the road to the closest parking lot to figure out how to get home from there."
  - o It was not her intention to drive the rest of the way home but to move the vehicle.
  - o She was unable to move the vehicle because the parking brake was on.
  - o She agreed with defense counsel that "the only reason you got behind the wheel was to try to pull your vehicle to safety."
  - o She was unable to move the vehicle but that she was trying to get the car to safety, to the adjacent parking lot.
  - o She told Officer Shaw she was having trouble moving the car over.
  - o "I was just intoxicated, and I knew that I was going to be the one that was in trouble, and I was trying to get the car off the road so that we could figure out a way for us to get home."

Appellant's testimony, recounted above, essentially admitted to every element of the offense charged. She admitted to being intoxicated, admitted to being behind the wheel of her vehicle with the engine running, admitted that she got into the driver's seat to try and move the car, and admitted that she was trying to get the car safely to a parking lot. As this Court noted in *Denton*, *supra*, Texas juries have

rendered guilty verdicts even when the evidence showed that the operator did not successfully make the vehicle "go." *See Denton*, 911 S.W.2d at 388. Similarly, in this case, Appellant was sitting in the driver's seat of a running vehicle and admitted she was trying to move it. In accord with our jurisprudence, Appellant's testimony was sufficient to admit commission of DWI.

From the defensive evidence, a jury could reasonably infer that Appellant operated a motor vehicle while intoxicated because she reasonably believed that doing so was immediately necessary to avoid imminent danger. And while Appellant did not say "I was operating a motor vehicle," our jurisprudence regarding the confession-and-avoidance doctrine does not require an explicit admission from the defendant that she committed the crime. *Shaw*, 243 S.W.3d at 658 (holding that a defendant's defensive evidence, not an outright admission, must admit to the conduct). Appellant was essentially saying that if she was operating a motor vehicle, it was only for the purpose of necessity.

Further, given the lack of a statutory definition of the element "operate," it seems unreasonable to focus on Appellant's statement that she did not "think I was operating [the car]." Applicant's defensive evidence, regardless of any inconsistencies in her own testimony, provided the means for the jury as the arbiter of facts to reasonably infer the elements of the offense. Appellant's admission that she was trying to move the vehicle, even if the vehicle didn't "go," satisfies the

confession-and-avoidance requirement, regardless of Appellant's personal definition of whether or not she legally "operated" the vehicle. Therefore, the defendant has satisfied her burden of confession and avoidance. *See Juarez,* 308 S.W.3d at 405-06.

*Conclusion*

We conclude that the totality of Appellant's defensive evidence satisfied the confession-and-avoidance requirement, even if Appellant was incorrect about whether she had legally "operated" the vehicle. The court of appeals erred by holding to the contrary. Accordingly, we reverse the judgment of the court of appeals and remand the case for a harm analysis.

DELIVERED:     October 6, 2021

PUBLISH