**Affirmed and Memorandum Opinion filed March 21, 2023.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00200-CR

---

### GILBERTO RAMIREZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the County Court at Law No. 3
Fort Bend County, Texas
Trial Court Cause No. 20-CCR-217488**

---

## MEMORANDUM OPINION

The sole question presented in this appeal is whether the evidence is legally sufficient to support a judgment of conviction for driving while intoxicated.

## BACKGROUND

Appellant was driving at night down a dark, country road, when he turned left in front of an oncoming vehicle. According to the other driver, appellant did not use his turn signal. The two vehicles collided, with the other driver hitting the tail end of

appellant's truck. Both vehicles came to rest in a ditch. Neither driver was seriously injured. Both drivers admitted to a responding officer that they had consumed alcohol on the night of the accident, but only appellant was arrested and charged with driving while intoxicated. Appellant pleaded not guilty to that charge, and his case proceeded to a trial by jury, where he was convicted.

## ANALYSIS

In a sufficiency challenge, a reviewing court must determine whether a rational trier of fact could have found the essential elements of an offense beyond a reasonable doubt. *See Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). The offense here was driving while intoxicated, which meant that the prosecution had the burden of proving the following essential elements: (1) appellant was operating a motor vehicle, (2) he was in a public place, and (3) he was intoxicated. *See* Tex. Penal Code § 49.04(a). Because appellant has not challenged the first two elements, we only consider whether the evidence was legally sufficient to prove the final element that he was intoxicated. *See Murray v. State*, 457 S.W.3d 446, 448 n.1 (Tex. Crim. App. 2015) (solely addressing the element of the offense that was challenged on appeal). And in assessing whether the evidence was sufficient as to that element, we consider all of the evidence in the light most favorable to the verdict. *See Zuniga v. State*, 551 S.W.3d 729, 732 (Tex. Crim. App. 2018).

To prove that appellant was intoxicated, the prosecution had to show either that he had lost the normal use of his mental or physical faculties by reason of the introduction of alcohol into his body, or that he had an alcohol concentration of 0.08 or more. *See* Tex. Penal Code § 49.01(2). These two methods are known, respectively, as the impairment theory of intoxication and the per se theory of intoxication. *See Kirsch v. State*, 306 S.W.3d 738, 743 (Tex. Crim. App. 2010).

The prosecution did not attempt to convict appellant on the per se theory of intoxication. The arresting officer never sought a warrant for a blood or urine specimen. The officer had collected a breath specimen from appellant, but no useable results were returned from the breathalyzer because the breathalyzer had detected an interferent.[1]

The prosecution relied instead on the impairment theory of intoxication. In support of that theory, the prosecution elicited testimony from the arresting officer, who said that when he responded to the scene, appellant smelled of alcohol, appellant was slurring his speech, and appellant was unsteady on his feet. According to the officer, appellant also admitted to having consumed a six pack of beer, and his most recent drink was fifteen minutes before he decided to drive.

The officer said that he administered standard field sobriety tests, which were recorded on his dash cam and published to the jury. The officer testified that appellant exhibited four out of six clues of intoxication on the horizontal gaze nystagmus test (for each eye, there was no smooth pursuit and there was nystagmus at the maximum deviation). For the walk and turn test, appellant exhibited five out of eight clues of intoxication (starting too soon, missing the heel to toe step, using his arms for balance, turning improperly, and taking the wrong number of steps). And for the one-legged stand test, appellant exhibited three out of four clues of intoxication (swaying, using his arms for balance, and putting his foot down).

All of this evidence supports the jury's finding that appellant had lost the normal use of his mental or physical faculties by reason of the introduction of alcohol into his body. *See Navarro v. State*, 469 S.W.3d 687, 695 (Tex. App.—Houston

---

[1] The officer did not identify the particular interferent that was detected here. He merely described an interferent as a contaminant that prevents the breathalyzer from testing another specimen.

[14th Dist.] 2015, pet. ref'd) (concluding that the evidence was legally sufficient to support a conviction for driving where intoxicated where the evidence showed, among other things, that the defendant had admitted to having consumed several beers on the night of the accident and where there was no environmental reason for the cause of the accident); *Orsag v. State*, 312 S.W.3d 105, 121 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (concluding that there was sufficient evidence of intoxication where the evidence showed that the defendant smelled of alcohol and exhibited clues on all of the field sobriety tests).

Appellant responds that the evidence was legally insufficient because his friend testified that he had not been drinking on the night of the accident. Appellant similarly refers to his own testimony, where he also said that he had not been drinking. Appellant explained that he had admitted otherwise at the scene because the officers had been harassing him. He also suggested that his slurry speech was the product of very poor communication skills, and that his unsteadiness was the product of a prior injury. This testimony essentially highlights a conflict in the evidence, which we do not reweigh in a legal sufficiency analysis; instead, we presume that the jury resolved that conflict in favor of the verdict. *See Braughton v. State*, 569 S.W.3d 592, 608 (Tex. Crim. App. 2018).

In one last point, appellant argues that the evidence is legally insufficient because the testimony concerning the horizontal gaze nystagmus test was inadmissible under Rule 702. But in a legal sufficiency analysis, we consider all of the evidence, regardless of whether the evidence was admissible or inadmissible. *See Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013). Thus, even if we were to agree that certain testimony violated Rule 702—an issue we do not and need not decide—we would still conclude that the evidence was legally sufficient to support the conviction.

For the foregoing reasons, we conclude that a rational jury could have found beyond a reasonable doubt that appellant was intoxicated on the night in question.

**CONCLUSION**

The trial court's judgment is affirmed.


/s/     Tracy Christopher
Chief Justice


Panel consists of Chief Justice Christopher and Justices Bourliot and Wilson.

Do Not Publish — Tex. R. App. P. 47.2(b).