

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00133-CR

CLARA VALDEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law No. 1
Potter County, Texas
Trial Court No. CCCR-20-557-1, Honorable Walton Weaver, Presiding

April 11, 2023

MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

A jury convicted Clara Valdez, Appellant, of interfering with public duties.[1] In her sole point of error, Appellant challenges the sufficiency of the evidence supporting the judgment of conviction. We affirm.

---

[1] *See* TEX. PENAL CODE ANN. § 38.15.

BACKGROUND

On May 4, 2020, officers from the Amarillo Police Department went to Appellant's workplace to inform her that they had a search warrant for her house. They asked Appellant to come to the house and open the door for them, which she agreed to do.[2] When they arrived at her house, officers showed Appellant the search warrant. Appellant made a phone call to someone she said was an attorney. Appellant stood in front of the door and would not open it as she continued to talk on the phone and read the warrant. Several minutes passed. The officers warned Appellant multiple times that they would break down the door if Appellant did not open it. Appellant refused to move. Eventually, two of the officers pulled Appellant away from the door and placed her in handcuffs so they could carry out the warrant.

The State charged Appellant by information with interference with public duties. A jury convicted Appellant and she was fined $750. This appeal followed.

## ANALYSIS

In her sole issue on appeal, Appellant contends that the evidence is insufficient to support her conviction. Specifically, she claims that she did not impede the officers' search because they could have accessed the home via entrances other than the front door where she was standing.

---

[2] The officers testified that they contacted Appellant because she had been cooperative with police in the past and they wanted to enter the house without damaging her property, if possible.

We apply one standard, legal sufficiency, to evaluate the evidentiary sufficiency to support a criminal conviction beyond a reasonable doubt. *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). Under this standard, we examine all the evidence adduced at trial in the light most favorable to the verdict to determine whether any reasonable juror could have found the essential elements of the offense beyond a reasonable doubt. *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). This standard gives full play to the factfinder's responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319; *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017).

Under section 38.15 of the Penal Code, "A person commits an offense if the person with criminal negligence interrupts, disrupts, impedes, or otherwise interferes with a peace officer while the peace officer is performing a duty or exercising authority imposed or granted by law . . . ." TEX. PENAL CODE ANN. § 38.15(a)(1). "The act requirement of the statute is broad and includes interrupting, impeding, disrupting, or otherwise interfering with the performance of official duties." *Carney v. State*, 31 S.W.3d 392, 395–96 (Tex. App.—Austin 2000, no pet.). Appellant was charged by way of information with interfering with an officer "by physically blocking entrance to property."

At trial, the State presented evidence from two officers who were attempting to execute the search warrant at Appellant's home. Detective Shea Lichtie testified that Appellant "would get in front of the door, would not open the door." Lichtie said that the officers warned Appellant that they would kick down the door if necessary but Appellant

3

"backed against the door," refusing to open it. Lieutenant Wade Pennington testified that although Appellant said she would open the door for them, her actions were "very different." Pennington said Appellant led them to the front door but then stood in front of it and would not move, despite being asked to step aside. According to Pennington, Appellant was a physical impediment to the execution of the search warrant because she refused to move away from the front door. Both officers testified that Appellant's behavior interfered with their duties.

Appellant does not deny that she stood in front of the main entrance to the house. At trial, she testified that she did not interrupt, disrupt, impede, or interfere with the officers and that she "had full intention of letting them in." However, the jury was free to disbelieve her testimony. *See Murray*, 457 S.W.3d at 448–49. Appellant further contends that her actions did not constitute interference with police duties since the officers had other options to gain entry to the house, such as kicking the door in or using a window. However, she has cited no authority for the proposition that the availability of additional entrances somehow offsets her affirmative act of blocking the entrance that the officers were attempting to use.

The jury heard testimony from the officers and from Appellant and watched the video evidence of their encounter. We "defer to the jury's credibility and weight determinations because the jury is the **sole** judge of the witnesses' credibility and the weight to be given their testimony." *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (emphasis in original). We presume the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Id.*

4

Viewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found, beyond a reasonable doubt, the essential elements of interference with the duties of a peace officer. *See, e.g. Key v. State*, 88 S.W.3d 672, 676 (Tex. App.—Tyler 2002, pet. ref'd) (affirming conviction under section 38.15 where officers instructed defendant to remain on sidewalk while they questioned other people, but defendant repeatedly stepped off sidewalk and moved toward people officers were questioning). Thus, the evidence is legally sufficient to sustain Appellant's conviction. We overrule Appellant's issue.

## CONCLUSION

Having overruled Appellant's sole issue on appeal, we affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.

5