**Opinion filed August 15, 2024**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00266-CR

_____

## JESUS TREVINO CASTILLO, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**
**Midland County, Texas**
**Trial Court Cause No. CR54219**

## M E M O R A N D U M   O P I N I O N

Appellant, Jesus Trevino Castillo, was charged by indictment with two counts of aggravated sexual assault of a child, a first-degree felony, and five counts of indecency with a child, a second-degree felony. *See* TEX. PENAL CODE ANN. §§ 21.11(a)(1), (d), 22.021(a)(1)(B)(i), (e) (West 2019). A jury found Appellant guilty of all seven counts. For each of the aggravated-sexual-assault convictions,

the trial court sentenced Appellant to imprisonment for life in the Correctional Institutions Division of the Texas Department of Criminal Justice and ordered the sentences to run consecutively. The trial court assessed Appellant's punishment at fifteen years' confinement for each of the indecency-with-a-child convictions and ordered the sentences to run consecutively to the aggravated-sexual-assault convictions and concurrently with each indecency-with-a-child conviction.

Appellant challenges his convictions in two issues on appeal, arguing that: (1) the evidence is insufficient to sustain his convictions; and (2) there are clerical errors in the judgments that require correction.

We previously sustained Appellant's second issue, abated this appeal, and remanded the cause to the trial court to enter corrected judgments of conviction that reflect the proper standardized felony judgment forms and contain all of the statutorily mandated information. TEX. R. APP. P. 44.4; *Felder v. State*, No. 03-13-00706-CR, 2014 WL 3560426, at *1 (Tex. App.—Austin July 18, 2014, no pet.) (per curiam) (mem. op.). We further ordered the district clerk to forward a supplemental clerk's record containing the trial court's corrected judgments within thirty days of the date of the order. We reinstated this appeal after the trial court entered corrected judgments and after receiving the supplemental reporter's record. We now address Appellant's remaining issue and affirm the corrected judgments.

*Factual Background*

In August of 2018, T.R. managed a Sonic restaurant in Midland while caring for her two children, nine-year-old B.L., and thirteen-year-old D.M. Because of her work schedule, T.R. often called upon friends, including Appellant, to pick up the children from school, and take them dinner.

One evening, Appellant took B.L. and D.M. food, and went inside rather than leaving immediately. D.M. returned to his room to play videogames as he typically

would after retrieving his dinner, and B.L. remained in the living room. Appellant sat next to B.L. on the couch and started "rubbing [her] on [her] arms" and back, and touched her thighs. "[T]hat's as far as he went" that first time. But on at least four more occasions over the next few weeks, Appellant's behavior escalated. In addition to rubbing her back, arms, stomach, and thighs—"the same spots"—Appellant carried B.L. to her mother's bedroom and removed her clothing. He then touched and licked her breasts and areola, penetrated her vagina with two of his fingers, and licked her vagina. B.L. described how Appellant manipulated her areola, how "[i]t hurt" when he penetrated her with his fingers, and how "[i]t tickled" when he licked the "inside of . . . [her] vagina."

After each time Appellant sexually assaulted B.L., she was scared, and would awake at night wondering: "How am I going to tell my mom[?]" It was not until May of 2019 that B.L. finally disclosed the sexual abuse to her school counselor. B.L. was taken to the Midland Rape Crisis and Children's Advocacy Center where Erin Sabulsky conducted a forensic interview. Nurse Michelle Awbrey performed B.L.'s sexual assault exam, during which B.L. gave an account consistent to what she told Sabulsky.

Police contacted Appellant, and he voluntarily spoke to Midland Police Department Investigator Joe Rogers. Appellant initially denied being alone with B.L. for longer than five or ten minutes at a time when he would take her home from school. He subsequently admitted that he went inside and watched television with B.L. while D.M. was in his room. Appellant told Investigator Rogers that he could not "explain detail by detail," but maintained "that he didn't do anything."

Appellant was indicted for two counts of aggravated sexual assault of a child for penetrating B.L.'s vagina with his fingers and his tongue. He was charged with five additional counts of indecency with a child for touching and licking B.L.'s

breast and touching her genitals. The jury found Appellant guilty of all seven counts as alleged. The trial court sentenced him to life imprisonment on each of the aggravated-sexual-assault convictions, and fifteen years' confinement for each of the indecency-with-a-child convictions.

*Sufficiency of the Evidence*

On appeal, Appellant challenges the sufficiency of the evidence for his convictions based on the lack of physical evidence and other witnesses to corroborate B.L.'s testimony. We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Lee v. State*, 676 S.W.3d 912, 915 (Tex. App.—Eastland 2023, no pet.). Under the *Jackson* standard, we review all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Garcia v. State*, 667 S.W.3d 756, 761 (Tex. Crim. App. 2023).

When conducting a sufficiency review, we consider all the evidence admitted at trial, including evidence that may have been improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Lee*, 676 S.W.3d at 915. We defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *See* TEX. CODE CRIM. PROC. ANN. art. 36.13 (West 2007); *Garcia*, 667 S.W.3d at 762 ("[A] reviewing court does not sit as a thirteenth juror and may not substitute its judgment for that of the factfinder by reevaluating the weight and credibility of the evidence."). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Garcia*, 667 S.W.3d at 761 (quoting *Jackson*, 443 U.S. at

319). Therefore, if the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that determination. *Jackson*, 443 U.S. at 326; *Garcia*, 667 S.W.3d at 762.

We treat direct and circumstantial evidence equally under this standard. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010); *Ruiz v. State*, 631 S.W.3d 841, 851 (Tex. App.—Eastland 2021, pet. ref'd). It is not necessary that the evidence directly prove the defendant's guilt; circumstantial evidence is as probative as direct evidence in establishing a defendant's guilt, and circumstantial evidence can alone be sufficient to establish the defendant's guilt. *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013) (citing *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)); *Lee*, 676 S.W.3d at 915. Each fact need not point directly and independently to guilt if the cumulative force of all incriminating circumstances is sufficient to support the conviction. *Hooper*, 214 S.W.3d at 13. Because evidence must be considered cumulatively, we may not use a "divide and conquer" strategy for evaluating the sufficiency of the evidence. *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015) (quoting *Hacker v. State*, 389 S.W.3d 860, 873 (Tex. Crim. App. 2013)). Rather, we must consider the cumulative force of all the evidence. *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017).

Appellant contends that because "[t]here was no physical, forensic, or medical evidence to corroborate" B.L.'s testimony, the evidence is insufficient to sustain his convictions for aggravated sexual assault of a child and indecency with a child. But, in so arguing, he acknowledges the well-settled law that a conviction for aggravated sexual assault or indecency with a child "is supportable on the uncorroborated testimony" of a child victim alone. *See* CRIM. PROC. art. 38.07 (West 2023).

As charged in this case, a person commits aggravated sexual assault of a child if the person intentionally or knowingly causes the penetration of the sexual organ

of a child by any means. PENAL § 22.021(a)(1)(B)(i). A person commits the offense of indecency with a child if, with a child younger than seventeen years of age, the person engages in sexual contact with the child or causes the child to engage in sexual contact. *Id.* § 21.11(a)(1). "Sexual contact" is any touching committed with the intent to arouse or gratify the sexual desire of any person: (1) of the child's anus, breast, or any part of the genitals; or (2) of any part of the child's body with a person's anus, breast, or any part of the genitals. *Id.* § 21.11(c).

Here, viewing the evidence presented in the light most favorable to the verdict, we conclude that the evidence is sufficient to sustain Appellant's convictions for aggravated sexual assault of a child and indecency with a child. The uncorroborated testimony of a child victim is alone sufficient to support a conviction for a sexual offense. *Wishert v. State*, 654 S.W.3d 317, 328 (Tex. App.—Eastland 2022, pet. ref'd) (citing CRIM. PROC. art. 38.07); *see also Villalon v. State*, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990). Thus, the lack of physical evidence or other witnesses besides B.L. to the sexual abuse is irrelevant to our sufficiency analysis, as we cannot consider or speculate as to what was *not* presented at trial. *See Jackson*, 443 U.S. at 319; *Garcia*, 667 S.W.3d at 761–62; *see also Taylor v. State*, 555 S.W.3d 765, 775 (Tex. App.—Amarillo 2018, pet. ref'd) ("[W]e may not consider evidence not presented to the jury in our sufficiency review.").

B.L. testified that Appellant touched and licked her breast, touched her vagina, and penetrated it with his fingers and tongue on or about the dates alleged in the indictment. It is undisputed that B.L. was under fourteen years of age at the time of the offense. B.L.'s testimony, without more, would have been sufficient to support Appellant's convictions for indecency with a child and aggravated sexual assault. *Wishert*, 654 S.W.3d at 328.

6

Even so, the other evidence presented corroborated B.L.'s account. The State called seven witnesses in addition to B.L. D.M., T.R., and Appellant confirmed that Appellant would bring D.M. and B.L. dinner while T.R. was at work. D.M. also testified that Appellant delivered food to him and B.L. "quite a bit," and that he would immediately return to his room to play videogames with the door closed and his headset on. Appellant further admitted to police that he sat with B.L. on the couch while D.M. was in his room playing videogames. Consequently, the jury could have rationally and logically inferred that Appellant had created the opportunity to sequester himself with a nonfamilial child to commit the charged offenses as B.L. described. *See Brooks*, 323 S.W.3d at 899.

Moreover, even if we were to consider the absence of "physical, forensic, or medical evidence," Nurse Awbrey explained that the lack of physical injuries or physical signs of sexual abuse is not uncommon, especially given the time that had elapsed between the offense dates and B.L.'s outcry. B.L.'s testimony at trial was consistent with her 2019 outcry to Sabulsky, and her detailed history she gave to Nurse Awbrey. The jury was free to believe that there was no credible evidence of a motive by the nine-year-old to falsely accuse Appellant of such abuse, and Appellant suggests no motive for B.L. to falsely accuse him. The jury could have rationally decided to believe B.L.'s testimony and disbelieve Appellant's denials, and we defer to that credibility determination. *See Brooks*, 323 S.W.3d at 899; *see also Espinoza v. State*, No. 11-19-00232-CR, 2022 WL 3903774, at *5 (Tex. App.—Eastland Aug. 31, 2022, pet. ref'd) (mem. op., not designated for publication).

Viewing the evidence in the light most favorable to the jury's verdicts, we conclude that a rational trier of fact could have found the essential elements of the offenses for which Appellant was convicted. *See Jackson*, 443 U.S. at 319. Accordingly, we overrule Appellant's first issue.

*This Court's Ruling*

We affirm the corrected judgments of the trial court.


                                                   W. BRUCE WILLIAMS

                                                   JUSTICE


August 15, 2024

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.