**Reversed and Acquitted and Opinion Filed June 13, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00721-CR**

**No. 05-21-00722-CR**

**BRANDON WAYNE KEMPF, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 196th District Court**
**Hunt County, Texas**
**Trial Court Cause Nos. 33158, 33159CR**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Garcia
Opinion by Justice Garcia

Appellant pleaded not guilty to two counts of indecency with a child and waived his right to a jury. The trial court found appellant guilty of both counts and assessed punishment at four years in prison. In a single issue, appellant now argues the evidence is insufficient to support his convictions. As discussed below, because we conclude there is no evidence to establish that appellant acted with the requisite intent, we reverse and acquit.

## I. BACKGROUND

Appellant was charged with two counts of indecency with a child, his son, LK. Specifically, the indictments alleged that appellant knowingly and intentionally engaged in sexual contact with LK by (i) contact between appellant's hand and LK's genitals with the intent to arouse and gratify appellant's sexual desire (the "Car Seat incident"), and (ii) causing contact between LK's foot and appellant's genitals with the intent to arouse and gratify appellant's sexual desire (the "Outside incident").

The evidence at trial reflected that appellant had a "pornography issue," and reached out to Gerald Welch, a member of his church, for counseling. The two had several conversations. One day, appellant contacted Welsh in distress, and said he was having thoughts about his young son LK. Appellant told Welsh several stories that "didn't make sense." Appellant told Welch that he would pick LK up "in a manner that [LK's] foot would brush against appellant's penis and arouse him." Appellant also told Welch that when he buckled LK in his car seat, "he touched [LK's] penis while a woman's voice on the radio aroused him." Welch stopped asking questions because "everything else didn't make much sense." Appellant said he "might do something," but Welch did not know what that meant. Welch contacted the police and they came to his home that night to obtain his affidavit.[1]

---

[1] Welch's recollection at trial was refreshed with his affidavit. He said the statements appellant made to him, as reflected in the affidavit, were close, but not exactly what appellant said.

Jamie Torrez, an officer with the Royse City Police Department, was assigned to investigate. Torrez first interviewed appellant in his home. Torrez wore a body camera, and a copy of the recording from that camera was admitted into evidence at trial.

During the interview, appellant told Torrez that there were a couple of times when he interacted with his son when his thoughts "weren't in the right place." Appellant further stated that during those instances, he did not act in the most appropriate way with his child.[2] Appellant told Torrez about the Outside incident. On that occasion, he was outside with his son, and he had a thought that his son's foot could rub against his penis. Appellant then picked up his son and his son's foot briefly passed across appellant's penis. Officer Torrez asked appellant if he became excited when his son's foot grazed his penis. Appellant said he was ashamed, not excited.

Appellant also described the Car Seat incident. At that time, he was buckling his son into his car seat. As he did so, he heard a woman's voice on the radio while he was reaching between his son's legs to buckle the car seat. Appellant stated he was triggered by the woman's voice, and he had a thought that he wanted his son to be pleased by the woman's voice. Appellant said his hand was between his son's

---

[2] Appellant also told Torres about other disturbing thoughts he had when rubbing lotion on the child and when he was bathing the child. But there was no sexual contact, and the evidence about these bad thoughts is not relevant to any of the elements of the charged offenses.

legs for no more than two seconds and that his son was clothed in shorts and a diaper. When Torrez asked appellant if he became aroused, appellant responded, "If I did, it was just for a brief moment . . . Whenever it happened it was just immediate shame." Appellant told Torrez he was not okay with the thoughts and that his thoughts sicken him.

Officer Torrez interviewed appellant again at the Royse City Police Department. The recording from that interview was admitted into evidence. During the interview, Torrez asked appellant additional questions about the incidents described during the initial interview. When discussing the time appellant put his son in the car seat, appellant said he was very aware that his hand was between his son's legs and that he was ashamed that he had the thought, "I want my son to enjoy this." Torrez again asked appellant if he was aroused, and appellant said he was ashamed and disgusted and scared, but not aroused. When asked if he touched his son's penis, appellant said he was pulling the strap of the car seat out from in between his son's legs and that he only touched his son long enough to pull the strap from between his legs.

Torrez had appellant again describe the time he picked up his son and his son's foot grazed appellant's genital area. Appellant stated he was clothed, and his son was clothed and wearing shoes. When asked if he was aroused by this, appellant said that the sensation may have felt good very briefly as the child's foot grazed his penis, but that his feeling was overwhelming shame.

Appellant discussed going to counseling to deal with his intrusive thoughts. He said that he had anxious thoughts and some of the thoughts that come into his head scare him, but that he has not and would not hurt his son. In addition to experiencing anxiety, appellant lost weight.

With appellant's consent, Torrez seized appellant's cell phone, computer, hard drive and a thumb drive. Nothing of any evidentiary value was found on any of the devices.

Carlie Kempf, appellant's wife, testified that appellant confessed he had a pornography addiction when she was eight months pregnant with LK. Appellant also told his wife about the Outside incident; specifically, that he was aroused when LK's foot grazed his "private area" after appellant picked him up. Both appellant and the child were clothed at that time.[3]

Appellant also told Kempf about the Car Seat incident. He said that he was buckling LK into his car seat and was aroused by a woman's voice on the radio. Appellant said that he wondered if LK was also aroused by the woman's voice.

A text message from April 7, 2018, was read into evidence in which appellant asked for prayers as he was being left alone to care for his infant son. Specifically,

---

[3] Appellant also told Kempf about the occasions when he had "bad thoughts" that aroused him when he bathed LK and on one occasion when he rubbed lotion on LK's body. As we have noted, these instances merely involved thoughts, not sexual contact.

appellant asked for prayer that he "wouldn't betray his wife's trust and that all his actions would glorify God."

Kempf said she never saw her son's foot touch appellant's penis when appellant picked up the child. She said it appeared that appellant tried to avoid having that happen. Appellant would hold a pillow in his lap when he held his son so that his son would not touch appellant's genitals, because appellant would become aroused if anything touched his penis.

Kempf further testified that it would not have been possible to buckle LK in his car seat without making contact with the child's clothing in his genital area. Moreover, appellant never stated that he left his hand between LK's legs or that he buckled the child into the car seat because it excited him. Kempf also stated that appellant never reported engaging in any of the described activity for the purposes of sexual gratification for himself or for anyone else.

Kempf and appellant were divorced in 2020, and a copy of the divorce decree was admitted into evidence. The agreed decree includes a finding of a history of family violence. Kempf surmised that the family violence referred to the sexual contact instances appellant relayed to her because she was not aware of any instances in which appellant physically abused LK.

The trial court found appellant guilty of both counts of indecency with a child and assessed punishment at four years in prison. This timely appeal followed.

## II. ANALYSIS

Appellant argues that the evidence is insufficient to support the convictions. Our sufficiency review requires viewing all the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the crime's essential elements beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017). Because the factfinder alone judges the evidence's weight and credibility, TEX. CODE CRIM. PROC. ANN. art. 38.04, this standard gives full play to the factfinder's responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319; *Queeman*, 520 S.W.3d at 622. Instead of re-evaluating the evidence's weight and credibility and substituting our judgment for the factfinder's, we determine whether the necessary inferences are reasonable based on the evidence's cumulative force when viewed in the light most favorable to the verdict. *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015). We must presume that the factfinder resolved any conflicting inferences in favor of the verdict, and we must defer to that resolution. *Id*. at 448–49.

To determine whether the State has met its *Jackson* burden to prove a defendant's guilt beyond a reasonable doubt, we compare the crime's elements as defined by the hypothetically correct jury charge to the evidence adduced at trial. *See Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016); *see also Febus*

–7–

*v. State*, 542 S.W.3d 568, 572 (Tex. Crim. App. 2018) ("The essential elements of an offense are determined by state law."). Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Jenkins*, 493 S.W.3d at 599.

To prove indecency with a child under 17 years old, the State must prove that the defendant "with the intent to arouse or gratify [his] sexual desire," (1) engaged in sexual contact with the child or (2) "exposed the person's anus or any part of the person's genitals, knowing the child is present." *See* Tex. Penal Code Ann. §§ 21.11(a)(1), (a)(2)(A), (c). "Sexual contact" includes "any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child." *Id*. § 21.11(c). Here, the sexual contact was inadvertent and there was no evidence that appellant acted with the intent to arouse or gratify his sexual desire.

The trial court specifically identified the evidence it considered to "corroborate the *corpus delicti*." First, the court considered appellant's statements to his wife that he was holding a pillow in his lap when he held LK to prevent LK from touching his genitals because it made him uncomfortable, and he did not want to become aroused. The court also considered appellant's weight loss, anxiety, and his text for prayer when left alone with this son. Finally, the court considered the agreed divorce decree finding that appellant had engaged in family violence.

–8–

The State relies on *Shumway v. State*, __ S.W.3d __, No. 010820, 010920, 2022 WL 301737, at \*10 (Tex. Crim. App. Feb. 2, 2022) "for what it stands for in regards to the *corpus delicti* rule," The *Shumway* decision, however, does not alter the sufficiency analysis here.

In *Shumway*, appellant was convicted of indecency with a child involving a pre-verbal 17-month-old victim. The appellant confessed to his pastor and his wife that he pushed aside the infant's diaper and touched her genital region with his hands, mouth, and penis. *Id.* at \*1. On appeal, appellant argued that the State's evidence was not sufficient to satisfy the *corpus delicti* rule. *Id.* Specifically, appellant argued that his extrajudicial confessions were not legally sufficient evidence of guilt absent evidence that a crime was committed by someone. *Id*. at \*4.

After examining the general application of the *corpus delicti* rule in Texas, the Court of Criminal Appeals recognized a "narrow exception to the strict application of the rule when confessed conduct is committed against a child incapable of outcry." *Id.* at \*6. The court held:

> This exception applies in cases in which the defendant voluntarily confessed to a sexual offense against an infant who was incapable of outcry and that the confessed conduct did not result in any perceptible harm. In such a case, if the record reflects sufficient corroborating facts and circumstances of the confession itself, the reviewing courts should uphold the confession so long as there is legally sufficient evidence [under the *Jackson* standard].

*Id*. at \*10.

In the instant case, appellant did not confess to a sexual offense. Rather, he confessed that he had inappropriate sexual thoughts and responses. Thoughts, however inappropriate or disturbing, do not constitute a crime.

When appellant described the Car Seat incident to Torrez, he said he was in the process of securing the car seat when the voice on the radio aroused him. Appellant related the same event to Welch. Appellant said that when the voice aroused him, he had an improper thought about whether the voice affected his son the same way. Appellant told Torrez he was ashamed that he thought "I want my son to enjoy this." In context, the antecedent for "this" is the voice on the radio. Moreover, Kempf testified that appellant never said that he left his hand between his son's legs as he secured the seat or that he buckled the car seat because it aroused him. Kempf also said that it was impossible to buckle the car seat without making contact with the child's genital area. Indeed, appellant never told Kempf that he purposefully engaged in any of the activity he told her about for the purpose of sexual gratification.

When he told Torrez about the Outside incident, appellant said that he thought his son's foot could rub against his penis when he picked him up. The record reflects that appellant was concerned about and took steps to avoid having anything touch his penis when he held his son. That LK's foot actually did graze his penis when appellant picked him up that day does not establish that appellant knowingly or

intentionally engaged in sexual contact with the child to arouse or gratify his desire. *See* TEX. PENAL CODE ANN. § 21.11(a)(1), (c).

Likewise, Welch's testimony that appellant became aroused when his son's foot grazed his penis when he picked him up is insufficient to establish the requisite mental state for the crime charged. Although Welch said appellant "would pick up his son in such a manner," Welch could not be certain of the exact words appellant used when he spoke to him and described much of what appellant told him as "not making sense."

Indecency with a child is a "nature of conduct" offense, meaning that the State must prove that a defendant acted with the specific intent to arouse or gratify sexual desire. *See Pizzo v. State*, 235 S.W.3d 711, 717–19 (Tex. Crim. App. 2007). A defendant's specific intent to arouse or gratify his sexual desire can be inferred "from the defendant's conduct, his remarks[,] and all surrounding circumstances." *McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981). In this case, however, the evidence does not support an inference that appellant's actions during the Car Seat incident or the Outside incident were undertaken with the specific intent to arouse or gratify his sexual desire. Instead, the record shows that appellant's arousal during the Car Seat incident was triggered by the voice on the radio, and **if** he was aroused by the Outside incident it was an unintended consequence of the contact with his son.

The trial court considered the divorce decree, appellant's anxiety and weight loss, and his text for prayer as "corroborating evidence." But we need not consider corroborating evidence because there was no confession to a crime. *See Shumway*, 2022 WL 301737, at *10. And none of this evidence is indicative of intent. The divorce decree was agreed and is not probative of whether appellant acted with the intent to gratify his sexual desire. Likewise, it is equally plausible that appellant's text for prayer, weight loss, and anxiety resulted from concern about his disturbing thoughts rather than a specific intent to commit or having committed a crime.

On this record, we conclude the evidence is insufficient to support the convictions. We reverse the trial court's judgment and acquit.

|  | /Dennise Garcia/ |
| --- | --- |
| 210721f.u05 | DENNISE GARCIA |
| 210722f.u05 | JUSTICE |
| Do Not Publish | |
| TEX. R. APP. P. 47.2(b) | |



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BRANDON WAYNE KEMPF, Appellant

No. 05-21-00721-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th District Court, Hunt County, Texas
Trial Court Cause No. 33158CR.
Opinion delivered by Justice Garcia. Justices Molberg and Reichek participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the appellant is hereby **ACQUITTED**.

Judgment entered this 13th day of June, 2022.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BRANDON WAYNE KEMPF,
Appellant

No. 05-21-00722-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th District
Court, Hunt County, Texas
Trial Court Cause No. 33159CR.
Opinion delivered by Justice Garcia.
Justices Molberg and Reichek
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the appellant is hereby **ACQUITTED**.

Judgment entered this 13th day of June, 2022.