**AFFIRMED and Opinion Filed February 8, 2023**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00547-CR**

**BRYSON DANIEL STAFFORD, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-80102-2021**

## MEMORANDUM OPINION

Before Justices Carlyle, Garcia, and Miskel
Opinion by Justice Carlyle

Following Bryson Daniel Stafford's not-guilty plea, the trial court convicted him of occlusion assault. *See* TEX. PENAL CODE § 22.01(b)(2)(B). The trial court assessed punishment at ten years' imprisonment but suspended the sentence and placed him on community supervision for five years. Mr. Stafford contends the evidence is legally insufficient to support his conviction. We affirm.

**Background**

The indictment in this case alleged Mr. Stafford "intentionally, knowingly, and recklessly cause[d] bodily injury" to Lauren Hornbeck, "with whom [he] has or has

had a dating relationship," by "intentionally, knowingly, and recklessly impeding [her] normal breathing and circulation . . . by applying pressure to [her] throat and neck."

At trial, Ms. Hornbeck testified she and Mr. Stafford began dating in early 2019 and broke up that November. On January 22, 2020, Mr. Stafford texted her that he wanted to "come over and talk." Though she told him no, he "showed up anyway" at her house later that evening. She opened the garage door and they talked for about thirty minutes in the garage. Then, he said he wanted to stay the night. She let him come inside "just out of fear for what he would do" if she stood up to him.

She testified that during their dating relationship he had threatened to slit her throat and "there was times he would take my keys and phone and wallet and prevent me from leaving." He had also threatened to "come after" her and her family and friends if she "called the cops or told anybody about things." She stated that on the night in question, "in that moment I decided it was easier to not try to defend myself, or make him leave."

She took a shower and got into bed. Mr. Stafford got into the bed with her and tried "to get intimate." She "just kind of pushed him off." She stated he "pulled my shoulder to pull me back onto my back and he started grabbing my breast and my vulva, and I kept telling him no to stop." Then, he "straddled on top of" her, held down her arms and hands with his knees, put his hands around her throat, and began

"squeezing" her neck "very hard," She testified the squeezing hurt and she "couldn't breathe." She was afraid for her life. She "kneed" him and was able to get free.

Though she told him to leave, he went into the bathroom and yelled to her that he wanted back the engagement ring he had given her. She threw the ring into the bathroom and he turned toward her and "started urinating all over the floor and me." When she tried to clean up the urine with a towel, "he grabbed me and threw me into the shower door and then I tried to stand up again and he picked me up and threw me into the toilet." Then, he left.

Though Ms. Hornbeck immediately took photographs of her injuries, she did not call police that night because she "was afraid" based on Mr. Stafford's previous threats. The photographs, which were admitted into evidence, showed marks and redness on her neck. She testified she reported the incident to police in February 2020 after she found a tracking device on her car.

On cross-examination, Ms. Hornbeck stated (1) she did not tell police she had initially been afraid to report the incident; (2) the photographs of the right side of her neck contained shadows and did not clearly show injuries to that side; and (3) though she told police Mr. Stafford "choked" her, she did not use the words "lost the ability to breathe."

Detective Clayton Dacey of the City of McKinney Police Department testified he was assigned to investigate this case. He reviewed Ms. Hornbeck's photographs

and spoke with her, Mr. Stafford, and the responding officer. It appeared to him Ms. Hornbeck's injuries were consistent with her claim of assault.

On cross-examination, Detective Dacey stated (1) the photographs of the right side of Ms. Hornbeck's neck contained "shadowing" and it was "difficult to tell" whether there were injuries on that side; (2) though Ms. Hornbeck told him Mr. Stafford "impeded her breathing," she did not give an answer when the responding officer asked whether she "lost the ability to breathe"; and (3) it is possible that "one can apply pressure to the neck without impeding breathing."

**Analysis**

In an evidentiary sufficiency challenge, we view all the evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Edward v. State*, 635 S.W.3d 649, 655 (Tex. Crim. App. 2021) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The factfinder exclusively determines the credibility of the witnesses and the weight to be given their testimony. *Id*.; *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). The evidence is sufficient to support a conviction if "the inferences necessary to establish guilt are reasonable based upon the cumulative force of all the evidence when considered in the light most favorable to the verdict." *Edward*, 635 S.W.3d at 655–56 (quoting *Wise*, 364 S.W.3d at 903).

"When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that determination." *Murray v. State*, 457 S.W.3d 446, 448–49 (Tex. Crim. App. 2015).

As applicable here, a person commits the third-degree felony offense of occlusion assault if he (1) intentionally, knowingly, or recklessly causes bodily injury to another person by intentionally, knowingly, or recklessly impeding the person's normal breathing or circulation of the blood by applying pressure to the person's throat or neck and (2) has a relationship to or association with the other person that is described by Texas Family Code section 71.0021(b), 71.003, or 71.005. TEX. PENAL CODE §§ 22.01(a)(1), (b)(2)(B); *see also* TEX. FAM. CODE § 71.0021(b) (defining "dating relationship"). Thus, the required bodily injury is "impeding normal breathing or circulation of the blood." TEX. PENAL CODE § 22.01(b)(2)(B); *Ortiz v. State*, 623 S.W.3d 804, 807 (Tex. Crim. App. 2021).

Mr. Stafford contends the evidence is legally insufficient to support his conviction for the offense of occlusion assault because "the trachea and lungs were not themselves impaired" and there was "no 'bodily injury' sustained by the complainant." His appellate brief quotes his trial counsel's entire closing argument, in which trial counsel asserted "the evidence is clear that even if an assault occurred, she never lost her ability to breathe" and "never lost her ability to get air into her lungs," and thus Mr. Stafford is "not guilty of assault by impeding breathing."

"An impediment to normal breathing does not necessarily prevent breathing altogether because an impediment is merely a hindrance or obstruction." *Marshall v. State*, 479 S.W.3d 840, 845 (Tex. Crim. App. 2016). A complainant's testimony that she was never entirely unable to breathe does not foreclose the possibility that her normal breathing was hindered. *Id*. (explaining that complete inability to breathe is not required under § 22.01(b)(2)(B)); *see also Philmon v. State*, 609 S.W.3d 532, 537 (Tex. Crim. App. 2020) ("We have interpreted 'impeding' under Texas Penal Code § 22.01(b)(2)(B) to include any degree of impediment to one's normal breathing or circulation of blood flow.").

Here, Ms. Hornbeck testified Mr. Stafford straddled her, held down her arms and hands with his knees, put his hands around her throat, and began "squeezing" her neck "very hard," She stated the squeezing hurt, she "couldn't breathe," and she was afraid for her life. She also presented photographs taken immediately after the incident that showed marks and redness on her neck. On this record, we conclude the factfinder could reasonably infer Mr. Stafford "impeded her normal breathing." *See Marshall*, 479 S.W.3d at 845. Thus, the evidence is legally sufficient to support Mr. Stafford's conviction. *See id*.

We affirm the trial court's judgment.

        /Cory L. Carlyle/
        CORY L. CARLYLE
Do Not Publish        JUSTICE
Tex. R. App. P. 47.2(b)
220547F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

BRYSON DANIEL STAFFORD,
Appellant

No. 05-22-00547-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 380th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 380-80102-
2021.
Opinion delivered by Justice Carlyle.
Justices Garcia and Miskel
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered February 8, 2023